# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

## No. 23-4451
## (2:22-cr-00047 (AWA))

_____

**UNITED STATES OF AMERICA,**

      **Plaintiff – Appellee,**

**v.**

**PATRICK TATE ADAMIAK,**

      **Defendant -- Appellant**

## <u>MOTION TO WITHDRAW AS COUNSEL</u>

COMES NOW counsel for the Defendant-Appellant, Patrick Tate Adamiak and moves this Honorable Court pursuant to Fourth Circuit Local Rule 46(d) to withdraw as counsel for the Defendant-Appellant, and in support of said Motion states the following:

1.      On July 7, 2023, the Fourth Circuit Court of Appeals appointed counsel to represent the Defendant-Appellant in connection with the above appeal; (ECF No. 5-1)

2.      Counsel for the Defendant-Appellant has performed the necessary actions in connection with the Defendant-Appellant's appeal, in that counsel timely

prepared and filed the Appearance of Counsel form, the Docketing Statement and ordered the transcripts in this matter;

3.     That on or about September 8, 2023 counsel was in receipt of all transcripts necessary for Defendant-Appellant's appeal.  The transcripts were mailed to Defendant-Appellant on September 18, 2023 who is incarcerated at FCI Fort Dix, NJ and received there on September 21, 2023.

4.     The Joint Appendix was published by GibsonMoore, publishers, Richmond Virginia and received by counsel on November 21, 2023 at which time the Joint Appendix, excluding sealed materials, was mailed to Defendant-Appellant on November 21, 2023 and received by him on November 24, 2023.

5.     Counsel continued to prepared the brief and on December 23, 2023 suffered a medical emergency consisting of a stroke and was hospitalized for a period four (4) days and released on December 26, 2023.

6.     The Joint Appendix and Brief of Adamiak were due to be filed January 5, 2024 and they were filed as scheduled.  A copy of the Brief was mailed to Defendant-Appellant on January 6, 2024 and received by him January 10, 2024.

7.     The relationship between Counsel and Defendant-Appellant has been antagonistic from the onset, with Defendant-Appellant seeking to micro-manage all elements of the appeal process.  It is counsel's opinion that continued representation of Defendant-Appellant in connection with this appeal will be

extremely difficult because of the total lack of confidence that Adamiak has in the abilities of counsel.

8.      At all times following the appointment of counsel, counsel and Defendant-Appellant communicated on a regular basis via e-mail, using the Federal Inmate e-mail system, CorrLinks, US Mail and telephone. There were approximately 60 emails exchanged between Defendant-Appellant and counsel discussing various aspects of the appeal. The subject of the e-mails included but were not limited to issues to be raised on appeal; Defendant-Appellant advised counsel that he had engaged the services of Attorney Matthew Larosieri, Lake Worth, Florida to prepare his brief in this matter. However, Mr. Larosieri has not as of this date filed an appearance of counsel on behalf of Defendant-Appellant.

9.      Defendant-Appellant advised counsel that The Virginia Citizen Defense League would be filing an *amicus curiae* brief on his behalf. As a consequence, counsel advised Defendant-Appellant of Rule 29 of the Federal Rules of Appellate Procedure and its requirements for *amicus curiae,* as of this date no one has made a Rule 29 *amicus curiae* appearance.

10.     Defendant-Appellant has provided counsel with citations to 65 district and court of appeals cases in support of his various arguments, however, in counsel's opinion many of these cases do not apply or support the issues discussed between Defendant-Appellant and counsel.

11.     That on January 17, 2024, Defendant-Appellant acting through his alleged Attorney-in-Fact Adam Myers filed a motion to disqualify Counsel and appoint new counsel (ECF 41), wherein it is stated that "I have engaged with private counsel that I believe will satisfy this."  Counsel concurs with Defendant-Appellant's motion and requests permission to withdraw from further representation of Adamiak in this matter.

12.     In accordance with Fourth Circuit Local Rule 27(a), counsel has informed the government of counsel's intention to file this motion.  The government informed counsel that the government does not oppose this motion; and,

13.     As indicated on the certificate of service, counsel has served a copy of this motion on Defendant-Appellant.  Counsel sent a letter to Defendant-Appellant with the copy of the motion, which informed Defendant-Appellant in writing of his right to respond to the motion within seven (7) days, in accordance with Local Rule 46(d).

14.     There are three factors this Court must consider when determining whether to grant defense counsel's motion to withdraw: 1) the timeliness of the motion; 2) the Court must engage in an "adequate inquiry" into the complaint;

and 3) whether the attorney/client conflict is so great as to result in a total lack of communication preventing an adequate defense. *See United States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994).

For the reasons previously stated, counsel believes that the Attorney/client conflict in this case is so great as to result in a lack of communication preventing adequate representation of Defendant-Appellant.

For these reasons, counsel respectfully moves this Honorable Court for leave to withdraw as counsel for Defendant-Appellant and that substitute counsel be appointed to represent the Defendant-Appellant.

**<u>NOTICE TO CLIENT, PATRICK TATE ADAMIAK</u>**
**PLEASE BE ADVISED THAT UNDER LOCAL RULE 46(d)**
**YOU HAVE THE RIGHT TO RESPOND TO THIS MOTION WITHIN**
**SEVEN (7) DAYS**

PATRICK TATE ADAMIAK
By:  /s/ Dennis E. Jones
Counsel

/s/ *Dennis E. Jones, Esq.*
DENNIS E. JONES, ESQ
VA State Bar #: 14007
Counsel for the Appellant, Patrick Tate Adamiak
Dennis E. Jones, P.L.C.
230 Charwood Dr.
Abingdon, VA 24210
(276) 619-5005
FAX: (276) 619-5006
dejones@bvunet.net

## CERTIFICATE

This is to certify that the foregoing pleading was electronically filed on the 23rd day of January, 2024 using the CM/ECF filing system and thus served upon the Attorney for the United States, Victoria Liu, SAUSA, United States Attorney's Office, 101 W. Main Street Suite 8000, Norfolk, VA 23510, Jacqueline R. Bechara, AUSA, United States Attorney's Office, 2100 Jamieson Avenue, Alexandria, VA 22314 and Patrick Tate Adamiak Registration# 95252-509 FCI Fort Dix P.O. Box 2000 Joint Base MDL, NJ  08640

*/s/ Dennis E. Jones*
DENNIS E. JONES, ESQ.
Counsel for the Appellant,
Patrick Tate Adamiak

## CERTIFICATE OF COMPLIANCE

1. This document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

   this document contains 1,063 words.

2. This document complies with the typeface requirements because:

   this document has been prepared in a proportional spaced typeface using Microsoft Word in 14-point Times New Roman.

Respectfully Submitted,

*/s/ Dennis E. Jones*