The Law Offices of Matthew Larosiere

6964 Houlton Cir
Lake Worth, FL 33467
Telephone: (561) 452-7575
Email: LarosiereMM@gmail.com

July 10, 2024

Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

    RE: *Adamiak v. United States*, No. 23-4451 Fed. R. App. P. 28(j) Supplemental Authority Letter

Dear Ms. Anowi:

    The following decision supports Appellants' argument that the destroyed parts kits—the subject of the proceedings below—are not and cannot be machineguns or destructive devices under the National Firearms Act, a legal question of statutory interpretation. *See* App. Doc. 55 §§ I, II (Appellant's brief).

    *Garland v. Cargill*, 602 U.S. 406 (2024) saw the Supreme Court hold the government's position that a "bump stock" was a "machinegun" under the NFA to be unsupported by statute. The Court clarified the definition of machinegun, exploring the distinct analysis of whether a weapon fires "automatically" and whether that "automatic" fire comes by way of a "single function of the trigger." *Id* at 424. The Court made clear that the statute does not cover something that would take "something more" than the plain text of the statute, or the plain text of the statute "and then some." *Id*.

The decision below—in its heavy reliance on unpublished internal administrative guidance documents and extrastatutory conceptions of whether something is "destroyed" or not—is fundamentally incompatible with *Cargill*. The court below reasoning that inert objects, which would require fabrication and other material alteration to become weapons at all, to nonetheless be proscribed NFA firearms, is certainly "something more" than the statutory text. *Compare* (JA457) *with Cargill*, 602 U.S. at 424-426.

Additionally, *Cargill* held that, even if a weapon fired more than one shot, it must do so "automatically" to be considered a machinegun. 602 U.S. at 424-427. The court below relied primarily on the testimony of a CI on how long it would take him to build functional firearms from the destroyed, nonfunctional relics appellant was charged with. (JA509). No evidence or argument below could have supported that any charged items were NFA firearms consistent with *Cargill*.

Appellant Adamiak respectfully suggests that supplemental briefing on *Cargill*'s application may be of aid to this honorable court in the consideration of this appeal.

Very truly yours,

*M Larosiere*

Matthew Larosiere, Esq.
*Counsel for Appellant*
*Patrick Tate Adamiak*

## Certificate of Service

I certify that a copy of the foregoing was sent by CM/ECF on July 10, 2024, and notice of this filing was electronically served on all parties there registered for service, including:

JACQUELINE BECHARA,
*Assistant United States Attorney*

/s/ Matthew Larosiere
Matthew Larosiere
*Counsel for Appellant Matthew Hoover*