IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Appellee, ) | |
| ) | |
| v. ) | No. 23-4451 |
| ) | |
| PATRICK TATE ADAMIAK, ) | |
| ) | |
| Defendant-Appellant. ) | |

**Government's Motion to File Supplemental Appendix**

The government respectfully moves this Court for leave to file a supplemental appendix containing the parties' proposed jury instructions. The government has consulted with defense counsel, who opposes this motion and intends to file a response.

This is a direct appeal following Patrick Adamiak's conviction at trial of receiving and possessing an unregistered firearm, possessing and transferring a machinegun, and three counts of receiving and possessing unregistered destructive devices. Among other challenges, Adamiak claims that the district court failed to properly instruct the jury on the intent element of the offenses. Def. Br. 50–53.

The government proposes to file a supplemental appendix containing (1) the government's proposed jury instructions, Dist. Ct. ECF No. 50; and (2) the defendant's proposed jury instructions, Dist. Ct. ECF No. 52. The proposed

instructions, which were filed on the district court's docket, are part of the record on appeal. *See* Fed. R. App. P. 10(a). The proposed material totals just 68 pages.

The parties' proposed instructions will assist the Court in resolving Adamiak's claim that the district court failed to properly instruct the jury. Throughout the charge conference, the district court and the parties repeatedly referred to the proposed instructions. *See* JA776–788. The proposed instructions are helpful to understand the objections the parties raised and the issues discussed during the charge conference. Indeed, the only objections to the instructions that Adamiak raised in the district court are based on his proposed instructions. *See* JA784–785, JA787–788.

In reviewing claims of instructional error, the Court routinely considers whether the defendant asked the district court to instruct the jury consistent with his position on appeal. *See, e.g.*, *United States v. Hoover*, 95 F.4th 763, 771 (4th Cir. 2024); *United States v. Askew*, 98 F.4th 116, 122 (4th Cir. 2024). That practice effectuates the requirement that "[a] party who objects to any portion of the instructions or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate." Fed. R. Crim. P. 30(d).

Accordingly, the government moves for leave to file a supplemental appendix to assist the Court in its adjudication of this appeal.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____/s/_____

Jacqueline R. Bechara
Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700

3

## Certificate of Compliance

I certify that the foregoing motion does not exceed 5,200 words and complies with the requirements of Federal Rule of Appellate Procedure 27.

By:            /s/
        Jacqueline R. Bechara
        Assistant United States Attorney
        Eastern District of Virginia
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        (703) 299-3700
        jacqueline.bechara@usdoj.gov