IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 23-4451

———————————

UNITED STATES OF AMERICA,

*Appellee*,

v.

PATRICK TATE ADAMIAK,

*Appellant*.

———————————

Appeal from the United States District Court
for the Eastern District of Virginia
at Norfolk
*The Honorable Arenda L. Wright Allen, District Judge*

———————————

GOVERNMENT'S SUPPLEMENTAL APPENDIX

———————————

Jessica D. Aber
United States Attorney

Jacqueline R. Bechara
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700

*Attorneys for the United States of America*

**This page is intentionally left blank.**

## Table of Contents

**Page**

Government's Proposed Jury Instructions
(Dist. Ct. ECF No. 50)...........................................................................1

Defendant's Proposed Jury Instructions
(Dist. Ct. ECF No. 52)........................................................................60

THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:22cr47 |
| | ) | |
| PATRICK TATE ADAMIAK, | ) | |
| | ) | |
| *Defendant.* | ) | |

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

    The United States of America respectfully asks the Court to include in its charge to the jury the following jury instructions and such other instructions as may become appropriate during the course of the trial.

I.   General Instructions

| No. | Subject | Legal Authority |
|---|---|---|
| 1. | Introduction to the Final Charge – Province of the Court and the Jury | O'Malley (6th ed.) § 12.01 |
| 2. | Judging the Evidence | O'Malley (6th ed.) § 12.02 |
| 3. | Evidence Received in the Case – Stipulations, Judicial Notice, and Inferences Permitted | O'Malley (6th ed.) § 12.03 |
| 4. | Direct and Circumstantial Evidence | O'Malley (6th ed.) § 12.04 |
| 5. | Inferences from the Evidence | O'Malley (6th ed.) § 12.05 |
| 6. | Jury's Recollection Controls | O'Malley (6th ed.) § 12.07 |
| 7. | The Question is Not Evidence | O'Malley (6th ed.) § 12.08 |
| 8. | Presumption of Innocence, Burden of Proof, and Reasonable Doubt | O'Malley (6th ed.) § 12.10 |
| 9. | Consider Each Count Separately | O'Malley (6th ed.) § 12.12 |

| 10. | Objections and Rulings | O'Malley (6th ed.) § 11.03 |
| 11. | Court's Questions to Witnesses | O'Malley (6th ed.) § 11.05 |
| 12. | The Indictment is Not Evidence | O'Malley (6th ed.) § 13.04 |
| 13. | Opinion Evidence – the Expert Witness | O'Malley (6th ed.) § 14.01 |
| 14. | Specific Investigation Techniques Not Required | Sand § 4.01 Instruction 4-4 |
| 15. | Number of Witnesses Called is Not Controlling | O'Malley (6th ed.) § 14.16 |
| 16. | Credibility of Witnesses – Generally | O'Malley (6th ed.) § 15.01 |
| 17. | Credibility of Witnesses – Inconsistent Statement | O'Malley (6th ed.) § 15.06 |
| 18. | Credibility of Witnesses – The Defendant as a Witness | O'Malley (6th ed.) § 15.12 |
| 19. | Effect of the Defendant's Decision Not to Testify | O'Malley (6th ed.) § 15.14 |
| 20. | "On or About" – Explained | O'Malley (6th ed.) § 13.05 |
| 21. | "Knowingly" – Defined | O'Malley (6th ed.) § 17.04 |
| 22. | "Willfully" – Defined | O'Malley (6th ed.) § 17.05 |
| 23. | Proof of Knowledge or Intent | O'Malley (6th ed.) § 17.07 |
| 24. | Proof May Be Disjunctive | Case law |
| 25. | Deliberate Ignorance | O'Malley (6th ed.) § 17.09 |

## II.  Offenses

**Receive and Possess an Unregistered Machinegun or Destructive Device (Counts 1, 3, 4 and 5)**

| 26. | The Nature of the Offenses Charged – Counts 1, 3, 4 and 5 | Superseding Indictment |
| 27. | The Statute Defining the Offense Charged – Counts 1, 3, 4 and 5 | 26 U.S.C. § 5841, 26 U.S.C. § 5845 26 U.S.C. § 5861 (d) 26 U.S.C. § 5871 |

| 28. | The Essential Elements of the Offense Charged – Counts 1, 3-5 | L. Sand Ins. 35-97 |
| 29. | "Firearm" – Defined | 26 U.S.C. § 5845(a) |
| 30. | "Machinegun" – Defined | 26 U.S.C. § 5845(b) |
| 31. | "Destructive Device" – Defined | 26 U.S.C. § 5845(f) |
| 32. | Receipt of Possession of Firearm | L. Sand Ins. 35-95 |
| 33. | Knowing Receipt or Possession | L. Sand Ins. 35-99 |
| 34. | Firearm Was Not Registered to the Defendant | L. Sand Ins. 35-100 |

**Unlawful Possession and Transfer of a Machinegun, 18 U.S.C. § 922(o) (Count 2)**

| 35. | The Nature of the Offense Charged – Count 2 | Superseding Indictment |
| 36. | The Statute Defining the Offense Charged – Count 2 | 18 U.S.C. § 922(o) |
| 37. | The Essential Elements of the Offense Charged – Count 2 | O'Malley (6th ed.) § |
| 38. | First Element – Possession or Transfer of a Firearm | L Sand Ins. 35-72 |
| 39. | Second Element – Machinegun | L Sand Ins. 35-73 |
| 40. | Third Element – Defendant Acted Knowingly | L Sand Ins. 35-74 |

III. Closing Instructions

| 41. | Caution – Punishment | Pattern Crim. Jury Instr. 11th Cir. B1, B10.4 (2016) |
| 42. | Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment – Form of Verdict – Communication with the Court | O'Malley (6th ed.) § 20.01 |

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

**SA003**

By:  _____/s/_____

William D. Muhr
Victoria Liu
Assistant United States Attorneys
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address – bill.muhr@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 11, 2022,   I electronically filed the foregoing Government's

Proposed Jury Instructions with the Clerk of Court using the CM/ECF system, which will send a

notification of such filing (NEF) to all counsel of record.

                                         /s/
                                  William D. Muhr
                                  Assistant United States Attorney
                                  Victoria Liu
                                  Special Assistant United States Attorney
                                  Attorneys for the United States
                                  United States Attorney's Office
                                  101 West Main Street, Suite 8000
                                  Norfolk, Virginia 23510
                                  Office Number - 757-441-6331
                                  Facsimile Number - 757-441-6689
                                  E-Mail Address – bill.muhr@usdoj.gov
                                                    victoria.liu@usdoj.gov

JURY INSTRUCTION NO. 1

**INTRODUCTION TO THE FINAL CHARGE – PROVINCE OF THE COURT AND OF THE JURY**

MEMBERS OF THE JURY:

NOW THAT YOU HAVE HEARD ALL OF THE EVIDENCE THAT IS TO BE RECEIVED IN THIS TRIAL AND EACH OF THE ARGUMENTS OF COUNSEL IT BECOMES MY DUTY TO GIVE YOU THE FINAL INSTRUCTIONS OF THE COURT AS TO THE LAW THAT IS APPLICABLE TO THIS CASE. YOU SHOULD USE THESE INSTRUCTIONS TO GUIDE YOU IN YOUR DECISIONS.

ALL OF THE INSTRUCTIONS OF LAW GIVEN TO YOU BY THE COURT – THOSE GIVEN TO YOU AT THE BEGINNING OF THE TRIAL, THOSE GIVEN TO YOU DURING THE TRIAL, AND THESE FINAL INSTRUCTIONS – MUST GUIDE AND GOVERN YOUR DELIBERATIONS.

IT IS YOUR DUTY AS JURORS TO FOLLOW THE LAW AS STATED IN ALL OF THE INSTRUCTIONS OF THE COURT AND TO APPLY THESE RULES OF LAW TO THE FACTS AS YOU FIND THEM TO BE FROM THE EVIDENCE RECEIVED DURING THE TRIAL.

COUNSEL HAVE QUITE PROPERLY REFERRED TO SOME OF THE APPLICABLE RULES OF LAW IN THEIR CLOSING ARGUMENTS TO YOU.  IF, HOWEVER, ANY DIFFERENCE APPEARS TO YOU BETWEEN THE LAW AS STATED BY COUNSEL AND THAT AS STATED BY THE COURT IN THESE INSTRUCTIONS, YOU, OF COURSE, ARE TO BE GOVERNED BY THE INSTRUCTIONS GIVEN TO YOU BY THE COURT.

YOU ARE NOT TO SINGLE OUT ANY ONE INSTRUCTION ALONE AS STATING THE LAW, BUT MUST CONSIDER THE INSTRUCTIONS AS A WHOLE IN REACHING YOUR DECISIONS.

NEITHER ARE YOU TO BE CONCERNED WITH THE WISDOM OF ANY RULE OF LAW STATED BY THE COURT.   REGARDLESS OF ANY OPINION YOU MAY HAVE AS TO WHAT THE LAW OUGHT TO BE, IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO BASE ANY PART OF YOUR VERDICT UPON ANY OTHER VIEW OR OPINION OF THE LAW THAN THAT GIVEN IN THESE INSTRUCTIONS OF THE COURT JUST AS IT WOULD BE A VIOLATION OF YOUR SWORN DUTY, AS THE JUDGES OF THE FACTS, TO BASE YOUR VERDICT UPON ANYTHING BUT THE EVIDENCE RECEIVED IN THE CASE.

YOU WERE CHOSEN AS JURORS FOR THIS TRIAL IN ORDER TO EVALUATE ALL OF THE EVIDENCE RECEIVED AND TO DECIDE EACH OF THE FACTUAL QUESTIONS PRESENTED BY THE ALLEGATIONS BROUGHT BY THE GOVERNMENT IN THE INDICTMENT AND THE PLEA OF NOT GUILTY BY THE DEFENDANT.

IN RESOLVING THE ISSUES PRESENTED TO YOU FOR DECISION IN THIS TRIAL YOU MUST NOT BE PERSUADED BY BIAS, PREJUDICE, OR SYMPATHY FOR OR AGAINST ANY OF THE PARTIES TO THIS CASE OR BY ANY PUBLIC OPINION.

JUSTICE – THROUGH TRIAL BY JURY – DEPENDS UPON THE WILLINGNESS OF EACH INDIVIDUAL JUROR TO SEEK THE TRUTH FROM THE SAME EVIDENCE PRESENTED TO ALL THE JURORS HERE IN THE COURTROOM AND TO ARRIVE AT A VERDICT BY APPLYING THE SAME RULES OF LAW AS NOW BEING GIVEN TO EACH OF YOU IN THESE INSTRUCTIONS OF THE COURT.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 12.01 (6th ed. 2018), *available at* Westlaw.

**SA007**

JURY INSTRUCTION NO. 2

**<u>JUDGING THE EVIDENCE</u>**

THERE IS NOTHING PARTICULARLY DIFFERENT IN THE WAY THAT A JUROR SHOULD CONSIDER THE EVIDENCE IN A TRIAL FROM THAT IN WHICH ANY REASONABLE AND CAREFUL PERSON WOULD DEAL WITH ANY VERY IMPORTANT QUESTION THAT MUST BE RESOLVED BY EXAMINING FACTS, OPINIONS, AND EVIDENCE.  YOU ARE EXPECTED TO USE YOUR GOOD SENSE IN CONSIDERING AND EVALUATING THE EVIDENCE IN THE CASE.  USE THE EVIDENCE ONLY FOR THOSE PURPOSES FOR WHICH IT HAS BEEN RECEIVED AND GIVE SUCH EVIDENCE A REASONABLE AND FAIR CONSTRUCTION IN THE LIGHT OF YOUR COMMON KNOWLEDGE OF THE NATURAL TENDENCIES AND INCLINATIONS OF HUMAN BEINGS.

IF THE DEFENDANT BE PROVED GUILTY BEYOND A REASONABLE DOUBT, SAY SO.  IF NOT PROVED GUILTY BEYOND A REASONABLE DOUBT, SAY SO.

KEEP CONSTANTLY IN MIND THAT IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO BASE A VERDICT UPON ANYTHING OTHER THAN THE EVIDENCE RECEIVED IN THE CASE AND THE INSTRUCTIONS OF THE COURT.  REMEMBER AS WELL THAT THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE BECAUSE THE BURDEN OF PROVING GUILT BEYOND A REASONABLE DOUBT IS ALWAYS WITH THE GOVERNMENT.

AUTHORITY:  1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 12.02 (6th ed. 2018), *available at* Westlaw.

**SA008**

JURY INSTRUCTION NO. 3

**EVIDENCE RECEIVED IN THE CASE – STIPULATIONS, JUDICIAL NOTICE, AND INFERENCES PERMITTED**

THE EVIDENCE IN THIS CASE CONSISTS OF THE SWORN TESTIMONY OF THE WITNESSES – REGARDLESS OF WHO MAY HAVE CALLED THEM – ALL EXHIBITS RECEIVED IN EVIDENCE – REGARDLESS OF WHO MAY HAVE PRODUCED THEM – ALL FACTS WHICH MAY HAVE BEEN AGREED TO OR STIPULATED AND ALL FACTS AND EVENTS WHICH MAY HAVE BEEN JUDICIALLY NOTICED.

WHEN THE ATTORNEYS ON BOTH SIDES STIPULATE OR AGREE AS TO THE EXISTENCE OF A FACT, YOU MUST ACCEPT THE STIPULATION AS EVIDENCE AND REGARD THAT FACT AS PROVED.

IF THE COURT DECLARES THAT IT HAS TAKEN JUDICIAL NOTICE OF SOME FACT OR EVENT, YOU MAY ACCEPT THE COURT'S DECLARATION AS EVIDENCE AND REGARD AS PROVED THE FACT OR EVENT WHICH HAS BEEN JUDICIALLY NOTICED.

ANY PROPOSED TESTIMONY OR PROPOSED EXHIBIT TO WHICH AN OBJECTION WAS SUSTAINED BY THE COURT AND ANY TESTIMONY OR EXHIBIT ORDERED STRICKEN BY THE COURT MUST BE ENTIRELY DISREGARDED BY YOU.

ANYTHING YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT EVIDENCE AND MUST BE ENTIRELY DISREGARDED.

QUESTIONS, OBJECTIONS, STATEMENTS, AND ARGUMENTS OF COUNSEL ARE NOT EVIDENCE IN THE CASE, UNLESS MADE AS AN ADMISSION OR STIPULATION OF FACT.

YOU ARE TO BASE YOUR VERDICT ONLY ON THE EVIDENCE RECEIVED IN THE CASE. IN YOUR CONSIDERATION OF THE EVIDENCE RECEIVED, HOWEVER,

**SA009**

YOU ARE NOT LIMITED TO THE BALD STATEMENTS OF THE WITNESSES OR TO THE

BALD ASSERTIONS IN THE EXHIBITS.   IN OTHER WORDS, YOU ARE NOT LIMITED

SOLELY TO WHAT YOU SEE AND HEAR AS THE WITNESSES TESTIFY OR AS THE

EXHIBITS ARE ADMITTED.   YOU ARE PERMITTED TO DRAW FROM THE FACTS

WHICH YOU FIND HAVE BEEN PROVED SUCH REASONABLE INFERENCES AS YOU

FEEL ARE JUSTIFIED IN THE LIGHT OF YOUR EXPERIENCE AND COMMON SENSE.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice
and Instructions, § 12.03 (6th ed. 2018), *available at* Westlaw, modified in part, to correct
misstatements in publication that the jury is "not required to" accept a stipulation or agreement as
to the existence of a fact, or judicial notice of certain facts or events, as evidence; *see also* 1-5 L.
Sand, *et al.*, Modern Federal Jury Instructions - Criminal, ¶ 5.02, Instruction 5-6 (2015) *available
at* LexisNexis.

JURY INSTRUCTION NO. 4

**<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>**

THERE ARE TWO TYPES OF EVIDENCE WHICH ARE GENERALLY PRESENTED DURING A TRIAL – DIRECT EVIDENCE AND CIRCUMSTANTIAL EVIDENCE. DIRECT EVIDENCE IS THE TESTIMONY OF A PERSON WHO ASSERTS OR CLAIMS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS.   CIRCUMSTANTIAL EVIDENCE IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES INDICATING THE EXISTENCE OF A FACT.   THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT OR VALUE TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.   NOR IS A GREATER DEGREE OF CERTAINTY REQUIRED OF CIRCUMSTANTIAL EVIDENCE THAN OF DIRECT EVIDENCE.   YOU SHOULD WEIGH ALL THE EVIDENCE IN THE CASE.

<u>AUTHORITY</u>:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 12.04 (6th ed. 2018), *available at* Westlaw.

**SA011**

JURY INSTRUCTION NO. 5

**<u>INFERENCES FROM THE EVIDENCE</u>**

INFERENCES ARE SIMPLY DEDUCTIONS OR CONCLUSIONS WHICH REASON AND COMMON SENSE LEAD THE JURY TO DRAW FROM THE EVIDENCE RECEIVED IN THE CASE.

<u>AUTHORITY</u>:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 12.05 (6th ed. 2018), *available at* Westlaw.

**SA012**

JURY INSTRUCTION NO. 6

**<u>JURY'S RECOLLECTION CONTROLS</u>**

IF ANY REFERENCE BY THE COURT OR BY COUNSEL TO MATTERS OF TESTIMONY OR EXHIBITS DOES NOT COINCIDE WITH YOUR OWN RECOLLECTION OF THAT EVIDENCE, IT IS YOUR RECOLLECTION WHICH SHOULD CONTROL DURING YOUR DELIBERATIONS AND NOT THE STATEMENTS OF THE COURT OR OF COUNSEL.

YOU ARE THE SOLE JUDGES OF THE EVIDENCE RECEIVED IN THIS CASE.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 12.07 (6th ed. 2018), *available at* Westlaw.

SA013

JURY INSTRUCTION NO.  7

**THE QUESTION IS NOT EVIDENCE**

THE QUESTIONS ASKED BY A LAWYER FOR EITHER PARTY TO THIS CASE
ARE NOT EVIDENCE.  IF A LAWYER ASKS A QUESTION OF A WITNESS WHICH
CONTAINS AN ASSERTION OF FACT, THEREFORE, YOU MAY NOT CONSIDER THE
ASSERTION BY THE LAWYER AS ANY EVIDENCE OF THAT FACT.  ONLY THE
ANSWERS ARE EVIDENCE.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice
and Instructions, § 12.08 (6th ed. 2018), *available at* Westlaw.

JURY INSTRUCTION NO. 8

**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND REASONABLE DOUBT**

THE LAW PRESUMES A DEFENDANT TO BE INNOCENT OF CRIME. THUS, THE DEFENDANT, ALTHOUGH ACCUSED OF CRIMES IN THE SUPERSEDING INDICTMENT, BEGINS THE TRIAL WITH A "CLEAN SLATE" – WITH NO EVIDENCE AGAINST HIM. THE LAW PERMITS NOTHING BUT LEGAL EVIDENCE PRESENTED BEFORE THE JURY IN COURT TO BE CONSIDERED IN SUPPORT OF ANY CHARGE AGAINST THE DEFENDANT. THE PRESUMPTION OF INNOCENCE ALONE, THEREFORE, IS SUFFICIENT TO ACQUIT THE DEFENDANT, UNLESS THE JURORS ARE SATISFIED BEYOND A REASONABLE DOUBT OF THE DEFENDANT'S GUILT AFTER CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE.

IT IS NOT REQUIRED THAT THE GOVERNMENT PROVE GUILT BEYOND ALL POSSIBLE DOUBT. THE TEST IS ONE OF REASONABLE DOUBT.

THE JURY WILL REMEMBER THAT A DEFENDANT IS NEVER TO BE CONVICTED ON MERE SUSPICION OR CONJECTURE.

THE BURDEN OF PROOF IS UPON THE PROSECUTION TO PROVE GUILT BEYOND A REASONABLE DOUBT. THIS BURDEN NEVER SHIFTS TO A DEFENDANT FOR THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE. THE DEFENDANT IS NOT EVEN OBLIGATED TO PRODUCE ANY EVIDENCE BY CROSS-EXAMINING THE WITNESSES FOR THE GOVERNMENT.

SO IF THE JURY, AFTER CAREFUL AND IMPARTIAL CONSIDERATION OF ALL

THE EVIDENCE IN THE CASE, HAS A REASONABLE DOUBT THAT THE DEFENDANT

IS GUILTY OF A CHARGE, IT MUST ACQUIT.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 12.10 (6th ed. 2018), *available at* Westlaw (modified), amended to conform with present state of law that no specific definition of reasonable doubt be given.  *See United States v. Walton*, 207 F.3d 694, 695 (4th Cir. 2000); *United States v. Reives*, 15 F.3d 42, 45 (4th Cir. 1994); *United States v. Headspeth*, 852 F.2d 753, 755 (4th Cir. 1988); *United States v. Porter*, 821 F.2d 968, 972 (4th Cir. 1987); *United States v. Velazquez*, 847 F.2d 140, 142-43 (4th Cir. 1988); *United States v. Woods*, 812 F.2d 1483, 1487 (4th Cir. 1987); *United States v. Love*, 767 F.2d 1052, 1060 (4th Cir. 1985); *United States v. Moss*, 756 F.2d 329 (4th Cir. 1985).

JURY INSTRUCTION NO. 9

**CONSIDER EACH COUNT SEPARATELY**

A SEPARATE CRIME IS CHARGED IN EACH COUNT OF THE SUPERSEDING INDICTMENT. EACH CHARGE, AND THE EVIDENCE PERTAINING TO IT, SHOULD BE CONSIDERED SEPARATELY BY THE JURY. THE FACT THAT YOU MAY FIND THE DEFENDANT GUILTY OR NOT GUILTY AS TO ONE OF THE COUNTS SHOULD NOT CONTROL YOUR VERDICT AS TO ANY OTHER COUNT.

AUTHORITY:    1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 12.12 (6th ed. 2018), *available at* Westlaw.

JURY INSTRUCTION NO. 10

**<u>OBJECTIONS AND RULINGS</u>**

TESTIMONY AND/OR AN EXHIBIT CAN BE ADMITTED INTO EVIDENCE DURING A TRIAL ONLY IF IT MEETS CERTAIN CRITERIA OR STANDARDS.   IT IS THE SWORN DUTY OF THE ATTORNEY ON EACH SIDE OF THE CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR AN EXHIBIT WHICH THAT ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE UNDER THE RULES OF LAW.   ONLY BY RAISING AN OBJECTION CAN A LAWYER REQUEST AND THEN OBTAIN A RULING FROM THE COURT ON THE ADMISSIBILITY OF THE EVIDENCE BEING OFFERED BY THE OTHER SIDE.   YOU SHOULD NOT BE INFLUENCED AGAINST AN ATTORNEY OR HIS OR HER CLIENT BECAUSE THE ATTORNEY HAS MADE AN OBJECTION.

DO NOT ATTEMPT, MOREOVER, TO INTERPRET MY RULINGS ON OBJECTIONS AS SOMEHOW INDICATING HOW I THINK YOU SHOULD DECIDE THIS CASE.   I AM SIMPLY MAKING A RULING ON A LEGAL QUESTION REGARDING THAT PARTICULAR PIECE OF TESTIMONY OR EXHIBIT.

<u>AUTHORITY</u>:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 11.03 (6th ed. 2018), *available at* Westlaw.

JURY INSTRUCTION NO. 11

**COURT'S QUESTIONS TO WITNESSES**

DURING THE COURSE OF A TRIAL, I MAY OCCASIONALLY ASK QUESTIONS OF A WITNESS.  DO NOT ASSUME THAT I HOLD ANY OPINION ON THE MATTERS TO WHICH MY QUESTIONS MAY RELATE.  THE COURT MAY ASK A QUESTION SIMPLY TO CLARIFY A MATTER – NOT TO HELP ONE SIDE OF THE CASE OR HURT THE OTHER SIDE.

REMEMBER AT ALL TIMES THAT YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS OF THIS CASE.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 11.05 (6th ed. 2018), *available at* Westlaw.

SA019

JURY INSTRUCTION NO.  12

**THE INDICTMENT IS NOT EVIDENCE**

AN INDICTMENT IS ONLY A FORMAL METHOD USED BY THE GOVERNMENT TO ACCUSE A DEFENDANT OF A CRIME.   IT IS NOT EVIDENCE OF ANY KIND AGAINST THE DEFENDANT.   THE DEFENDANT IS PRESUMED TO BE INNOCENT OF THE CRIMES CHARGED.   EVEN THOUGH THIS SUPERSEDING INDICTMENT HAS BEEN RETURNED AGAINST THE DEFENDANT, THE DEFENDANT BEGINS THIS TRIAL WITH ABSOLUTELY NO EVIDENCE AGAINST HIM.

THE DEFENDANT HAS PLED "NOT GUILTY" TO THIS SUPERSEDING INDICTMENT AND, THEREFORE, DENIES THAT HE IS GUILTY OF THE CHARGES.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 13.04 (6th ed. 2018), *available at* Westlaw.

JURY INSTRUCTION NO. 13

**OPINION EVIDENCE – THE EXPERT WITNESS**

THE RULES OF EVIDENCE ORDINARILY DO NOT PERMIT WITNESSES TO TESTIFY AS TO THEIR OWN OPINIONS OR THEIR OWN CONCLUSIONS ABOUT IMPORTANT QUESTIONS IN A TRIAL.   AN EXCEPTION TO THIS RULE EXISTS AS TO THOSE PERSONS WHO ARE DESCRIBED AS "EXPERT WITNESSES."   AN "EXPERT WITNESS" IS SOMEONE WHO, BY EDUCATION OR BY EXPERIENCE, MAY HAVE BECOME KNOWLEDGEABLE IN SOME TECHNICAL, SCIENTIFIC, OR VERY SPECIALIZED AREA.   IF SUCH KNOWLEDGE OR EXPERIENCE MAY BE OF ASSISTANCE TO YOU IN UNDERSTANDING SOME OF THE EVIDENCE OR IN DETERMINING A FACT, AN "EXPERT WITNESS" IN THAT AREA MAY STATE AN OPINION AS TO A MATTER IN WHICH HE OR SHE CLAIMS TO BE AN EXPERT.

YOU SHOULD CONSIDER EACH EXPERT OPINION RECEIVED IN EVIDENCE IN THIS CASE AND GIVE IT SUCH WEIGHT, IF ANY, AS YOU MAY THINK IT DESERVES. YOU SHOULD CONSIDER THE TESTIMONY OF EXPERT WITNESSES JUST AS YOU CONSIDER OTHER EVIDENCE IN THIS CASE.   IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION OR EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINION ARE NOT SOUND, OR IF YOU SHOULD CONCLUDE THAT THE OPINION IS OUTWEIGHED BY OTHER EVIDENCE, YOU MAY DISREGARD THE OPINION IN PART OR IN ITS ENTIRETY.

AS I HAVE TOLD YOU SEVERAL TIMES, YOU – THE JURY – ARE THE SOLE JUDGES OF THE FACTS OF THIS CASE.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 14.01 (6th ed. 2018), *available at* Westlaw.

**SA021**

JURY INSTRUCTION NO. 14

**SPECIFIC INVESTIGATION TECHNIQUES NOT REQUIRED**

DURING THE TRIAL YOU HAVE HEARD TESTIMONY OF WITNESSES AND ARGUMENT BY COUNSEL THAT THE GOVERNMENT DID NOT UTILIZE SPECIFIC INVESTIGATIVE TECHNIQUES.   YOU MAY CONSIDER THESE FACTS IN DECIDING WHETHER THE GOVERNMENT HAS MET ITS BURDEN OF PROOF, BECAUSE AS I TOLD YOU, YOU SHOULD LOOK TO ALL OF THE EVIDENCE OR LACK OF EVIDENCE IN DECIDING WHETHER THE DEFENDANT IS GUILTY.   HOWEVER, YOU ALSO ARE INSTRUCTED THAT THERE IS NO LEGAL REQUIREMENT THAT THE GOVERNMENT USE ANY SPECIFIC INVESTIGATIVE TECHNIQUES TO PROVE ITS CASE.   LAW ENFORCEMENT TECHNIQUES ARE NOT YOUR CONCERN.

I AM SURE THAT AT LEAST ONE OF YOU HAS SEEN THE POPULAR TV SHOWS, CSI OR LAW & ORDER.   THE TV STANDARDS, AND THE CAPABILITIES OF LAW ENFORCEMENT AS PORTRAYED ON TV AND IN THE MOVIES, DO NOT APPLY HERE TO THIS TRIAL.   WITNESS TESTIMONY MAY BE SUFFICIENT TO ESTABLISH THE CHARGES IN THIS CASE.   SPECIFIC INVESTIGATIVE TECHNIQUES, SUCH AS DNA AND FINGERPRINTS, ARE NOT REQUIRED TO BE PRESENTED IN ORDER FOR YOU TO FIND THE DEFENDANT GUILTY OF THE CHARGES IN THIS CASE.   PLEASE DISMISS FROM YOUR DELIBERATIONS IN CONSIDERATION OF THE APPROPRIATE VERDICT IN THIS CASE, ANY INVESTIGATIVE TECHNIQUES WHICH YOU MAY HAVE SEEN ON TV OR IN THE MOVIES, AS WELL AS ANYTHING ELSE ABOUT WHICH THERE WAS NO EVIDENCE.

YOUR CONCERN, AS I HAVE SAID, IS TO DETERMINE WHETHER OR NOT, ON THE EVIDENCE OR LACK OF EVIDENCE, THE DEFENDANT'S GUILT HAS BEEN PROVED BEYOND REASONABLE DOUBT.

AUTHORITY:   1-4 L. Sand, *et al.*, <u>Modern Federal Jury Instructions-Criminal</u>, ¶ 4.01, Instruction 4-4 (2016), *available at* LexisNexis (modified); *see United States v. Mason*, 954 F.2d 219, 222 (4th Cir. 1992) (there is no legal requirement that the government use any of these specific investigative techniques to prove its case – an attempt to take fingerprints or to do any particular scientific test).

JURY INSTRUCTION NO. 15

**NUMBER OF WITNESSES CALLED IS NOT CONTROLLING**

YOUR DECISION ON THE FACTS OF THIS CASE SHOULD NOT BE DETERMINED BY THE NUMBER OF WITNESSES TESTIFYING FOR OR AGAINST A PARTY. YOU SHOULD CONSIDER ALL THE FACTS AND CIRCUMSTANCES IN EVIDENCE TO DETERMINE WHICH OF THE WITNESSES YOU CHOOSE TO BELIEVE OR NOT BELIEVE. YOU MAY FIND THAT THE TESTIMONY OF A SMALLER NUMBER OF WITNESSES ON ONE SIDE IS MORE CREDIBLE THAN THE TESTIMONY OF A GREATER NUMBER OF WITNESSES ON THE OTHER SIDE.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 14.16 (6th ed. 2018), *available at* Westlaw.

**SA024**

JURY INSTRUCTION NO. 16

**<u>CREDIBILITY OF WITNESSES – GENERALLY</u>**

YOU, AS JURORS, ARE THE SOLE AND EXCLUSIVE JUDGES OF THE CREDIBILITY OF EACH OF THE WITNESSES CALLED TO TESTIFY IN THIS CASE AND ONLY YOU DETERMINE THE IMPORTANCE OR THE WEIGHT, IF ANY, THAT THEIR TESTIMONY DESERVES. AFTER MAKING YOUR ASSESSMENT CONCERNING THE CREDIBILITY OF A WITNESS, YOU MAY DECIDE TO BELIEVE ALL OF THAT WITNESS' TESTIMONY, ONLY A PORTION OF IT, OR NONE OF IT.

IN MAKING YOUR ASSESSMENT OF THAT WITNESS YOU SHOULD CAREFULLY SCRUTINIZE ALL OF THE TESTIMONY GIVEN BY THAT WITNESS, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND ALL OF THE OTHER EVIDENCE WHICH TENDS TO SHOW WHETHER A WITNESS, IN YOUR OPINION, IS WORTHY OF BELIEF. CONSIDER EACH WITNESS' INTELLIGENCE, MOTIVE TO FALSIFY, STATE OF MIND, AND APPEARANCE AND MANNER WHILE ON THE WITNESS STAND. CONSIDER THE WITNESS' ABILITY TO OBSERVE THE MATTERS AS TO WHICH HE OR SHE HAS TESTIFIED AND CONSIDER WHETHER HE OR SHE IMPRESSES YOU AS HAVING AN ACCURATE MEMORY OR RECOLLECTION OF THESE MATTERS. CONSIDER ALSO ANY RELATION A WITNESS MAY BEAR TO EITHER SIDE OF THE CASE, THE MANNER IN WHICH EACH WITNESS MIGHT BE AFFECTED BY YOUR VERDICT, AND THE EXTENT TO WHICH, IF AT ALL, EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY OTHER EVIDENCE IN THE CASE.

INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF A WITNESS OR BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES MAY OR MAY NOT

CAUSE YOU TO DISBELIEVE OR DISCREDIT SUCH TESTIMONY.  TWO OR MORE PERSONS WITNESSING AN INCIDENT OR A TRANSACTION MAY SIMPLY SEE OR HEAR IT DIFFERENTLY.  INNOCENT MISRECOLLECTION, LIKE FAILURE OF RECOLLECTION, IS NOT AN UNCOMMON HUMAN EXPERIENCE.  IN WEIGHING THE EFFECT OF A DISCREPANCY, HOWEVER, ALWAYS CONSIDER WHETHER IT PERTAINS TO A MATTER OF IMPORTANCE OR AN INSIGNIFICANT DETAIL AND CONSIDER WHETHER THE DISCREPANCY RESULTS FROM INNOCENT ERROR OR FROM INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT OR ASSESSMENT CONCERNING THE BELIEVABILITY OF A WITNESS, YOU CAN THEN ATTACH SUCH IMPORTANCE OR WEIGHT TO THAT TESTIMONY, IF ANY, THAT YOU FEEL IT DESERVES.  YOU WILL THEN BE IN A POSITION TO DECIDE WHETHER THE GOVERNMENT HAS PROVEN THE CHARGE*S* BEYOND A REASONABLE DOUBT.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 15.01 (6th ed. 2018), *available at* Westlaw.

SA026

JURY INSTRUCTION NO. 17

**CREDIBILITY OF WITNESSES - INCONSISTENT STATEMENT**

THE TESTIMONY OF A WITNESS MAY BE DISCREDITED OR, AS WE SOMETIMES SAY, IMPEACHED BY SHOWING THAT HE OR SHE PREVIOUSLY MADE STATEMENTS WHICH ARE DIFFERENT THAN OR INCONSISTENT WITH HIS OR HER TESTIMONY HERE IN COURT.   THE EARLIER INCONSISTENT OR CONTRADICTORY STATEMENTS ARE ADMISSIBLE ONLY TO DISCREDIT OR IMPEACH THE CREDIBILITY OF THE WITNESS AND NOT TO ESTABLISH THE TRUTH OF THESE EARLIER STATEMENTS MADE SOMEWHERE OTHER THAN HERE DURING THIS TRIAL.   IT IS THE PROVINCE OF THE JURY TO DETERMINE THE CREDIBILITY OF A WITNESS WHO HAS MADE PRIOR INCONSISTENT OR CONTRADICTORY STATEMENTS.

IF A PERSON IS SHOWN TO HAVE KNOWINGLY TESTIFIED FALSELY CONCERNING ANY IMPORTANT OR MATERIAL MATTER, YOU OBVIOUSLY HAVE A RIGHT TO DISTRUST THE TESTIMONY OF SUCH AN INDIVIDUAL CONCERNING OTHER MATTERS.   YOU MAY REJECT ALL OF THE TESTIMONY OF THAT WITNESS OR GIVE IT SUCH WEIGHT OR CREDIBILITY AS YOU MAY THINK IT DESERVES.

AUTHORITY:    1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 15.06 (6th ed. 2018), *available at* Westlaw.

JURY INSTRUCTION NO. 18

**<u>CREDIBILITY OF WITNESSES – THE DEFENDANT AS A WITNESS</u>**

YOU SHOULD JUDGE THE TESTIMONY OF THE DEFENDANT IN THE SAME MANNER AS YOU JUDGE THE TESTIMONY OF ANY OTHER WITNESS IN THIS CASE.

<u>AUTHORITY</u>:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 15.12 (6th ed. 2018), *available at* Westlaw.

**SA028**

JURY INSTRUCTION NO. 19

**EFFECT OF THE DEFENDANT'S DECISION NOT TO TESTIFY**

THE DEFENDANT IN A CRIMINAL CASE HAS AN ABSOLUTE RIGHT UNDER OUR CONSTITUTION NOT TO TESTIFY.

THE FACT THAT A DEFENDANT DID NOT TESTIFY MUST NOT BE DISCUSSED OR CONSIDERED IN ANY WAY WHEN DELIBERATING AND IN ARRIVING AT YOUR VERDICT.   NO INFERENCE OF ANY KIND MAY BE DRAWN FROM THE FACT THAT A DEFENDANT DECIDED TO EXERCISE HIS OR HER PRIVILEGE UNDER THE CONSTITUTION AND DID NOT TESTIFY.

AS STATED BEFORE, THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR OF PRODUCING ANY EVIDENCE.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 15.14 (6th ed. 2018), *available at* Westlaw.

SA029

JURY INSTRUCTION NO. 20

**"ON OR ABOUT" – EXPLAINED**

THE SUPERSEDING INDICTMENT CHARGES THAT THE OFFENSES ALLEGED WERE COMMITTED "ON OR ABOUT" CERTAIN DATES.

ALTHOUGH IT IS NECESSARY FOR THE GOVERNMENT TO PROVE BEYOND A REASONABLE DOUBT THAT THE OFFENSE WAS COMMITTED ON DATES REASONABLY NEAR THE DATES ALLEGED, IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE THAT THE OFFENSES WERE COMMITTED PRECISELY ON THE DATES CHARGED.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 13.05 (6th ed. 2018), *available at* Westlaw.

**SA030**

JURY INSTRUCTION NO. 21

**<u>"KNOWINGLY" – DEFINED</u>**

THE TERM "KNOWINGLY," AS USED IN THESE INSTRUCTIONS TO DESCRIBE THE ALLEGED STATE OF MIND OF THE DEFENDANT, MEANS THAT HE WAS CONSCIOUS AND AWARE OF HIS ACTIONS, REALIZED WHAT HE WAS DOING OR WHAT WAS HAPPENING AROUND HIM, AND DID NOT ACT BECAUSE OF IGNORANCE, MISTAKE OR ACCIDENT.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 17.04 (6th ed. 2018), *available at* Westlaw.

**SA031**

JURY INSTRUCTION NO. 22

**<u>"WILLFULLY" – DEFINED</u>**

THE TERM "WILLFULLY," AS USED IN THESE INSTRUCTIONS TO DESCRIBE THE ALLEGED STATE OF MIND OF THE DEFENDANT, MEANS THAT HE KNOWINGLY PERFORMED AN ACT, DELIBERATELY AND INTENTIONALLY AS CONTRASTED WITH ACCIDENTALLY, CARELESSLY, OR UNINTENTIONALLY.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 17.05 (6th ed. 2018), *available at* Westlaw.

**SA032**

JURY INSTRUCTION NO. 23

**<u>PROOF OF KNOWLEDGE OR INTENT</u>**

THE INTENT OF A PERSON OR THE KNOWLEDGE THAT A PERSON POSSESSES AT ANY GIVEN TIME MAY NOT ORDINARILY BE PROVED DIRECTLY BECAUSE THERE IS NO WAY OF DIRECTLY SCRUTINIZING THE WORKINGS OF THE HUMAN MIND.  IN DETERMINING THE ISSUE OF WHAT A PERSON KNEW OR WHAT A PERSON INTENDED AT A PARTICULAR TIME, YOU MAY CONSIDER ANY STATEMENTS MADE OR ACTS DONE BY THAT PERSON AND ALL OTHER FACTS AND CIRCUMSTANCES RECEIVED IN EVIDENCE WHICH MAY AID IN YOUR DETERMINATION OF THAT PERSON'S KNOWLEDGE OR INTENT.

YOU MAY INFER, BUT YOU ARE CERTAINLY NOT REQUIRED TO INFER, THAT A PERSON INTENDS THE NATURAL AND PROBABLE CONSEQUENCES OF ACTS KNOWINGLY DONE OR KNOWINGLY OMITTED.  IT IS ENTIRELY UP TO YOU, HOWEVER, TO DECIDE WHAT FACTS TO FIND FROM THE EVIDENCE RECEIVED DURING THIS TRIAL.

<u>AUTHORITY</u>:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 17.07 (6th ed. 2018), *available at* Westlaw.

**SA033**

JURY INSTRUCTION NO. 24

**<u>PROOF MAY BE DISJUNCTIVE</u>**

THE COURT INSTRUCTS THE JURY THAT ALTHOUGH THE SUPERSEDING INDICTMENT MAY CHARGE THE DEFENDANT WITH COMMITTING AN OFFENSE IN SEVERAL WAYS, USING CONJUNCTIVE LANGUAGE (THAT IS, "AND"), IT IS SUFFICIENT IF THE GOVERNMENT PROVES THE OFFENSE IN THE DISJUNCTIVE (THAT IS, "OR"). THAT IS TO SAY, THE JURY MAY CONVICT ON A UNANIMOUS FINDING OF ANY OF THE ELEMENTS OF A CONJUNCTIVELY CHARGED OFFENSE.

THEREFORE, I INSTRUCT YOU THAT IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE THAT THE DEFENDANT DID EACH OF THOSE THINGS, NAMED IN THAT PARTICULAR COUNT OF THE INDICTMENT. IT IS SUFFICIENT IF THE GOVERNMENT PROVES BEYOND A REASONABLE DOUBT THAT THE DEFENDANT DID ONE OF THE ALTERNATIVE ACTS AS CHARGED, AS LONG AS YOU ALL AGREE THAT THE SAME PARTICULAR ALTERNATIVE ACT WAS COMMITTED BY THE DEFENDANT, AND THAT EVERY ELEMENT OF THE OFFENSE HAS BEEN PROVEN BEYOND A REASONABLE DOUBT.

AUTHORITY:  *United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000) (where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and the jury instruction may be properly framed in the disjunctive); *United States v. Rhynes*, 196 F.3d 207, 242, (4th Cir. 1999), *aff'd in part, reh'g en banc on other grounds*, 218 F.3d 310 (2000) (when a statute is worded in the disjunctive, federal pleading requires the government to charge in the conjunctive, but the district court can instruct the jury in the disjunctive).

JURY INSTRUCTION NO. 25

**<u>DELIBERATE IGNORANCE - EXPLAINED</u>**

THE GOVERNMENT MAY PROVE THAT DEFENDANT  ACTED "KNOWINGLY" BY PROVING, BEYOND A REASONABLE DOUBT, THAT THIS DEFENDANT DELIBERATELY CLOSED HIS EYES TO WHAT WOULD OTHERWISE HAVE BEEN OBVIOUS TO HIM. NO ONE CAN AVOID RESPONSIBILITY FOR A CRIME BY DELIBERATELY IGNORING WHAT IS OBVIOUS. A FINDING BEYOND A REASONABLE DOUBT OF AN INTENT OF DEFENDANT  TO AVOID KNOWLEDGE OR ENLIGHTENMENT WOULD PERMIT THE JURY TO FIND KNOWLEDGE. STATED ANOTHER WAY, A PERSON'S KNOWLEDGE OF A PARTICULAR FACT MAY BE SHOWN FROM A DELIBERATE OR INTENTIONAL IGNORANCE OR DELIBERATE OR INTENTIONAL BLINDNESS TO THE EXISTENCE OF THAT FACT.

IT IS, OF COURSE, ENTIRELY UP TO YOU AS TO WHETHER YOU FIND ANY DELIBERATE IGNORANCE OR DELIBERATE CLOSING OF THE EYES AND ANY INFERENCES TO BE DRAWN FROM ANY SUCH EVIDENCE.

YOU MAY NOT CONCLUDE THAT DEFENDANT  HAD KNOWLEDGE, HOWEVER, FROM PROOF OF A MISTAKE, NEGLIGENCE, CARELESSNESS, OR A BELIEF IN AN INACCURATE PROPOSITION.

<u>AUTHORITY</u>:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 17.09 (6th ed. 2018), *available at* Westlaw.

**SA035**

JURY INSTRUCTION NO. 26

**THE NATURE OF THE OFFENSE CHARGED – COUNTS ONE, THREE, FOUR AND FIVE**

**COUNT ONE**

COUNT ONE OF THE SUPERSEDING INDICTMENT CHARGES THAT ON OR ABOUT MARCH 15, 2022, THROUGH ON OR ABOUT MARCH 28, 2022, IN VIRGINIA BEACH, WITHIN THE EASTERN DISTRICT OF VIRGINIA, THE DEFENDANT, PATRICK TATE ADAMIAK, DID KNOWINGLY RECEIVE AND POSSESS A FIREARM, NAMELY A PPSH MACHINEGUN, WHICH WAS NOT REGISTERED TO THE DEFENDANT IN THE NATIONAL FIREARMS REGISTRATION AND TRANSFER RECORD, AS REQUIRED BY 26 U.S.C. § 5841,   IN VIOLATION OF 26 U.S.C. §§ 5841, 5845, 5861(d) AND 5871.

**COUNT THREE**

COUNT THREE OF THE SUPERSEDING INDICTMENT CHARGES THAT ON OR ABOUT APRIL 7, 2022, IN VIRGINIA BEACH, WITHIN THE EASTERN DISTRICT OF VIRGINIA, THE DEFENDANT, PATRICK TATE ADAMIAK, DID KNOWINGLY RECEIVE AND POSSESS A DESTRUCTIVE DEVICE, NAMELY A M79, 40 MM GRENADE LAUNCHER, WHICH WAS NOT REGISTERED TO THE DEFENDANT IN THE NATIONAL FIREARMS REGISTRATION AND TRANSFER RECORD, AS

REQUIRED BY 26 U.S.C. § 5841, IN VIOLATION OF 26 U.S.C. §§ 5841, 5845, 5861(d) AND

5871.

**COUNT FOUR**

COUNT FOUR OF THE SUPERSEDING INDICTMENT CHARGES THAT ON OR

ABOUT APRIL 7, 2022, IN VIRGINIA BEACH, WITHIN THE EASTERN DISTRICT OF

VIRGINIA, THE DEFENDANT, PATRICK TATE ADAMIAK, DID KNOWINGLY

RECEIVE AND POSSESS A DESTRUCTIVE DEVICE, NAMELY A M203, 40MM

GRENADE LAUNCHER, WHICH WAS NOT REGISTERED TO THE DEFENDANT IN

THE NATIONAL FIREARMS REGISTRATION AND TRANSFER RECORD, AS

REQUIRED BY 26 U.S.C. § 5841, IN VIOLATION OF 26 U.S.C. §§ 5841, 5845, 5861(d) AND

5871)

**COUNT FIVE**

COUNT FIVE OF THE SUPERSEDING INDICTMENT CHARGES THAT ON OR

ABOUT APRIL 7, 2022, IN VIRGINIA BEACH, WITHIN THE EASTERN DISTRICT OF

VIRGINIA, THE DEFENDANT, PATRICK TATE ADAMIAK, DID KNOWINGLY AND

UNLAWFULLY RECEIVE AND POSSESS TWO DESTRUCTIVE DEVICES, NAMELY

TWO RPG-7 VARIANT RECOILLESS ANTITANK PROJECTORS, WHICH WERE NOT

REGISTERED TO THE DEFENDANT IN THE NATIONAL FIREARMS REGISTRATION

AND TRANSFER RECORD., AS REQUIRED BY 26 U.S.C. § 5841,   IN VIOLATION OF 26

U.S.C. §§ 5841, 5845, 5861(d) AND 5871.

AUTHORITY: Superseding Indictment.

JURY INSTRUCTION NO. 27

**THE STATUTE DEFINING THE OFFENSE CHARGED – COUNTS ONE, THREE, FOUR AND FIVE**

THE RELEVANT STATUTE ON THIS SUBJECT IS CALLED THE NATIONAL FIREARMS ACT, WHICH PROVIDES THAT:

"IT SHALL BE UNLAWFUL FOR ANY PERSON TO RECEIVE OR POSSESS A FIREARM THAT IS NOT REGISTERED TO HIM IN THE NATIONAL FIREARMS REGISTRATION AND TRANSFER RECORD."

AUTHORITY: Title 26, United States Code § 5861(d).

JURY INSTRUCTION NO. 28

**THE ELEMENTS OF THE OFFENSES CHARGED – COUNTS ONE, THREE, FOUR AND FIVE**

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF FOR THE CRIME OF RECEIVING OR POSSESSING AN UNREGISTERED FIREARM AS CHARGED IN COUNTS ONE, THREE, FOUR AND FIVE  OF THE SUPERSEDING INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING THREE (3) ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT THAT:

FIRST:  ON OR ABOUT THE DATE ALLEGED IN THE SUPERSEDING INDICTMENT, FOR COUNT ONE, THE DEFENDANT KNOWINGLY RECEIVED OR POSSESSED A MACHINEGUN AND FOR COUNTS THREE, FOUR AND FIVE, THE DEFENDANT KNOWINGLY RECEIVED OR POSSESSED A DESTRUCTIVE DEVICE;

SECOND:  THE DEFENDANT HAD KNOWLEDGE THAT WHAT HE WAS POSSESSING WAS A FIREARM;

THIRD:  THAT THIS FIREARM WAS NOT REGISTERED TO THE DEFENDANT IN THE NATIONAL FIREARMS REGISTRATION AND TRANSFER RECORD. IT DOES NOT MATTER WHETHER THE DEFENDANT, PATRICK TATE ADAMIAK, KNEW THAT THE FIREARM WAS NOT REGISTERED OR HAD TO BE REGISTERED.

AUTHORITY: 2 L. Sand, et al., Modern Federal Jury Instructions - Criminal, ¶ 35.16, Instruction 35-97 (2022).

**SA040**

JURY INSTRUCTION NO. 29

**"FIREARM"- DEFINED**

SECTION 5845(a) OF TITLE 26 OF THE UNITED STATES CODE ENUMERATES MANY DIFFERENT DEFINITIONS OF WHAT A FIREARM IS.   IN PERTINENT PART, SECTION 5845(a) PROVIDES THAT:

THE TERM "FIREARM [ALSO] MEANS . . . (6) A MACHINEGUN; . . . AND (8) A DESTRUCTIVE DEVICE…"

YOU NEED NOT FIND THAT THE FIREARM WAS LOADED OR THAT IT WAS OPERABLE AT THE TIME OF THE OFFENSE.

THE GOVERNMENT DOES NOT HAVE TO PROVE THAT THE DEFENDANT EVER FULLY ASSEMBLED THE FIREARM OR TEST-FIRED THE FIREARM FOR IT TO BE CONSIDERED A FIREARM.

AUTHORITY: 26 U.S.C. § 5845(a); *United States v. Munoz-Fabela*, 896 F.2d 908, 911 (5th Cir.), *cert. denied*, 498 U.S. 824 (1990) (Firearm need not be loaded); *United States v. Theodoropoulos*, 886 F.2d 587, 595 n.3 (3d Cir. 1989) (Firearm need not be operable); *United States v. York*, 830 F.2d 885, 891-92 (8th Cir. 1987), *cert. denied*, 484 U.S. 1074 (1988) (Firearm need not be operable); *United States v. Gonzales*, 800 F. 2d 894, 899 (9th Cir. 1986) (Firearm need not be loaded or operable).

JURY INSTRUCTION NO. 30

**<u>"MACHINEGUN"- DEFINED</u>**

SECTION 5845(b) OF TITLE 26 OF THE UNITED STATES CODE PROVIDES, IN PART, THAT "-THE TERM "MACHINEGUN" MEANS ANY WEAPON WHICH SHOOTS, IS DESIGNED TO SHOOT, OR CAN BE READILY RESTORED TO SHOOT, AUTOMATICALLY MORE THAN ONE SHOT, WITHOUT MANUAL RELOADING, BY A SINGLE FUNCTION OF THE TRIGGER. THE TERM SHALL ALSO INCLUDE THE FRAME OR RECEIVER OF ANY SUCH WEAPON, ANY PART DESIGNED AND INTENDED SOLELY AND EXCLUSIVELY, OR COMBINATION OF PARTS DESIGNED AND INTENDED, FOR USE IN CONVERTING A WEAPON INTO A MACHINEGUN, AND ANY COMBINATION OF PARTS FROM WHICH A MACHINEGUN CAN BE ASSEMBLED IF SUCH PARTS ARE IN THE POSSESSION OR UNDER THE CONTROL OF A PERSON."

<u>AUTHORITY</u>:   26 U.S.C. § 5845(b).

JURY INSTRUCTION NO. 31

**"DESTRUCTIVE DEVICE"- DEFINED**

SECTION 5845(f) OF TITLE 26 OF THE UNITED STATES CODE PROVIDES, IN

PART, THAT THE TERM "DESTRUCTIVE DEVICE" MEANS … (2) ANY TYPE OF

WEAPON BY WHATEVER NAME KNOWN WHICH WILL, OR WHICH MAY BE

READILY CONVERTED TO, EXPEL A PROJECTILE BY THE ACTION OF AN

EXPLOSIVE OR OTHER PROPELLANT, THE BARREL OR BARRELS OF WHICH HAVE

A BORE OF MORE THAN ONE-HALF INCH IN DIAMETER, EXCEPT A SHOTGUN OR

SHOTGUN SHELL WHICH THE SECRETARY FINDS IS GENERALLY RECOGNIZED AS

PARTICULARLY SUITABLE FOR SPORTING PURPOSES.

AUTHORITY: 26 U.S.C. § 5845(f).

SA043

JURY INSTRUCTION NO. 32

**RECEIPT OR POSSESSION OF A FIREARM**

UNDER SECTION 5861(d), THE TERM "FIREARM" HAS A VERY SPECIFIC MEANING. IN THIS CASE, THE GOVERNMENT MUST PROVE THAT THE OBJECT THE DEFENDANT RECEIVED OR POSSESSED WAS, FOR COUNT ONE, A MACHINEGUN AND FOR COUNTS THREE, FOUR AND FIVE, A DESTRUCTIVE DEVICE.

IN ORDER TO QUALIFY AS A FIREARM UNDER THIS STATUTE, THE FIREARM MUST HAVE EITHER BEEN IN OPERATING CONDITION OR COULD READILY HAVE BEEN PUT IN OPERATING CONDITION.

TO "RECEIVE" MEANS TO ACQUIRE OR OBTAIN POSSESSION OF AN ITEM WHETHER SUCH RECEIPT IS ACTUAL OR CONSTRUCTIVE, SOLE OR JOINT. RECEIPT OF A FIREARM MAY BE SHOWN CIRCUMSTANTIALLY BY PROVING POSSESSION. A PERSON WHO KNOWINGLY HAS DIRECT PHYSICAL CONTROL OVER A THING AT A GIVEN TIME IS THEN IN ACTUAL POSSESSION OF IT.

TO "POSSESS" MEANS TO HAVE SOMETHING WITHIN YOUR CONTROL. THIS DOES NOT NECESSARILY MEAN THAT YOU MUST HOLD IT PHYSICALLY, THAT IS, HAVE ACTUAL POSSESSION OF IT. AS LONG AS THE FIREARM IS WITHIN YOUR CONTROL, YOU POSSESS IT. IF YOU FIND THAT THE DEFENDANT HAD ACTUAL POSSESSION, OR THAT HE HAD THE POWER AND INTENTION TO CONTROL THE FIREARM, EVEN THOUGH IT MAY HAVE BEEN IN THE PHYSICAL POSSESSION OF ANOTHER, THEN YOU MAY FIND THAT THE GOVERNMENT HAS PROVED POSSESSION.

THE LAW RECOGNIZES THAT POSSESSION MAY BE SOLE OR JOINT. IF THE DEFENDANT ALONE POSSESSES A FIREARM, THAT IS SOLE POSSESSION. IF THE DEFENDANT JOINTLY WITH OTHERS POSSESSES A FIREARM, THAT IS JOINT POSSESSION.

PROOF OF OWNERSHIP IS NOT REQUIRED. NOR IS THE GOVERNMENT REQUIRED TO PROVE THAT AT THE TIME OF THE RECEIPT, POSSESSION OR TRANSPORT THE DEFENDANT KNEW THAT HE WAS BREAKING THE LAW. IT IS SUFFICIENT TO SATISFY THIS ELEMENT IF YOU FIND THAT THE DEFENDANT POSSESSED THE FIREARM VOLUNTARILY AND NOT BY ACCIDENT OR MISTAKE.

AUTHORITY: 2 L. Sand, et al., Modern Federal Jury Instructions - Criminal, ¶ 35.16, Instruction 35-98 (2022) (modified to add definition of "to receive"), *available at* Lexis; 2A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 39:13 (6th ed. 2022), *available at* Westlaw; *United States v. Turnmire*, 574 F.2d 1156, 1157 (4th Cir.1978)("…one cannot possess something without having received it, (then) receipt of a firearm may be shown circumstantially by proving possession. A person who knowingly has direct physical control over a thing at a given time is then in actual possession of it.

SA045

JURY INSTRUCTION NO. 33

**<u>KNOWING RECEIPT OR POSSESSION</u>**

A PERSON IS KNOWINGLY IN RECEIPT OR POSSESSION IF HIS RECEIPT OR

POSSESSION OCCURS VOLUNTARILY AND INTENTIONALLY AND NOT BECAUSE OF

MISTAKE OR ACCIDENT. THE DEFENDANT MAY NOT BE CONVICTED OF RECEIPT OR

POSSESSION OF A FIREARM IF HE DID NOT INTEND TO RECEIVE OR POSSESS IT.

IN ADDITION, THE GOVERNMENT MUST PROVE THAT THE DEFENDANT KNEW

THAT THE DEVICE HE RECEIVED OR POSSESSED HAD ALL OF THE CHARACTERISTICS

THAT MAKE IT SUBJECT TO REGULATION AS A FIREARM AS I JUST DEFINED THAT TERM

FOR YOU.

<u>AUTHORITY</u>: 2 L. Sand, et al., <u>Modern Federal Jury Instructions - Criminal</u>, ¶ 35.16,
Instruction 35-99 (2022) (modified to add "receipt"), *available at* Lexis.

JURY INSTRUCTION NO. 34

**FIREARM WAS NOT REGISTERED TO DEFENDANT**

THE EVIDENCE IN THIS CASE CONTAINS A CERTIFICATE SHOWING THAT

AFTER DILIGENT SEARCH OF THE NATIONAL FIREARMS REGISTRATION AND

TRANSFER RECORD, NO RECORD WAS FOUND THAT THE FIREARM THAT THE

GOVERNMENT CLAIMS WAS INVOLVED IN THIS CASE WAS REGISTERED TO THE

DEFENDANT. HOWEVER, YOU THE JURY AS THE FINDER OF FACTS WILL MAKE

THE FINAL DETERMINATION WHETHER THE GOVERNMENT HAS PROVEN

BEYOND A REASONABLE DOUBT THE NON-REGISTRATION OF THE FIREARM.

THE GOVERNMENT DOES NOT HAVE TO PROVE THAT THE DEFENDANT

KNEW THAT THE LAW REQUIRED HIM TO REGISTER THE FIREARM OR THAT IT

WAS NOT SO REGISTERED.

AUTHORITY: 2 L. Sand, et al., Modern Federal Jury Instructions - Criminal, ¶ 35.16, Instruction 35-100 (2022), *available at* Lexis (modified).

**SA047**

JURY INSTRUCTION NO. 35

**<u>THE NATURE OF THE OFFENSE CHARGED – COUNT TWO</u>**

COUNT TWO OF THE SUPERSIDING INDICTMENT CHARGES THAT ON OR ABOUT MARCH 15, 2022, THROUGH ON OR ABOUT MARCH 28, 2022, IN VIRGINIA BEACH, WITHIN THE EASTERN DISTRICT OF VIRGINIA, THE DEFENDANT, PATRICK TATE ADAMIAK, DID KNOWINGLY POSSESS AND TRANSFER A MACHINEGUN, THAT IS A PPSH MACHINEGUN IN VIOLATION OF 18 U.S.C. § 922(o).

<u>AUTHORITY</u>: Superseding Indictment.

JURY INSTRUCTION NO. 36

**<u>THE STATUTE DEFINING THE OFFENSE CHARGED – COUNT TWO</u>**

THE RELEVANT STATUTE ON THIS SUBJECT IS SECTION 922 (o) OF TITLE 18

OF THE UNITED STATES CODE, WHICH PROVIDES: "[I]T SHALL BE UNLAWFUL FOR

ANY PERSON TO TRANSFER OR POSSESS A MACHINEGUN."

<u>AUTHORITY</u>:   18 U.S.C. § 922(o).

JURY INSTRUCTION NO. 37

## **THE ELEMENTS OF THE OFFENSES CHARGED – COUNT TWO**

   IN ORDER TO PROVE THE DEFENDANT GUILTY OF UNLAWFUL POSSESSION AND TRANSFER OF A MACHINEGUN AS CHARGED IN COUNT TWO OF THE SUPERSEDING INDICTMENT, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST:  THAT THE DEFENDANT POSSESSED OR TRANSFERRED A FIREARM AS DESCRIBED IN THE SUPERSEDING INDICTMENT, THAT IS A PPSH MACHINEGUN;

SECOND: THAT THE FIREARM THE DEFENDANT POSSESSED OR TRANSFERRED WAS A MACHINEGUN, AS I WILL DEFINE IT FOR YOU; AND

THIRD:  THAT THE DEFENDANT ACTED KNOWINGLY.

AUTHORITY: 2 L. Sand, et al., Modern Federal Jury Instructions - Criminal, ¶ 35.11, Instruction 35-71 (2022), *available at* Lexis.

**SA050**

JURY INSTRUCTION NO. 38

**FIRST ELEMENT—POSSESSION OR TRANSFER OF A FIREARM**

THE FIRST ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE DEFENDANT POSSESSED OR TRANSFERRED A FIREARM AS ALLEGED IN THE SUPERSEDING INDICTMENT.

TO "POSSESS" MEANS TO HAVE SOMETHING WITHIN A PERSON'S CONTROL. THIS DOES NOT NECESSARILY MEAN THAT THE DEFENDANT MUST HOLD IT PHYSICALLY, THAT IS, HAVE ACTUAL POSSESSION OF IT. AS LONG AS THE FIREARM IS WITHIN THE DEFENDANT'S CONTROL, HE POSSESSES IT. IF YOU FIND THAT THE DEFENDANT EITHER HAD ACTUAL POSSESSION OF THE FIREARM, OR THAT HE HAD THE POWER AND INTENTION TO EXERCISE CONTROL OVER IT, EVEN THOUGH IT WAS NOT IN HIS PHYSICAL POSSESSION, YOU MAY FIND THAT GOVERNMENT HAS PROVEN POSSESSION. PROOF OF OWNERSHIP OF THE FIREARM IS NOT REQUIRED.

AUTHORITY:   2 L. Sand, et al., Modern Federal Jury Instructions - Criminal, ¶ 35.11, Instruction 35-72 (2022), *available at* Lexis.

**SA051**

JURY INSTRUCTION NO. 39

**<u>SECOND ELEMENT—MACHINEGUN</u>**

THE SECOND ELEMENT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE FIREARM THE DEFENDANT POSSESSED OR TRANSFERRED WAS A MACHINEGUN.

A MACHINEGUN IS DEFINED IN THE STATUTE AS ANY WEAPON THAT SHOOTS, IS DESIGNED TO SHOOT, OR CAN BE READILY RESTORED TO SHOOT, AUTOMATICALLY MORE THAN ONE SHOT, WITHOUT MANUAL RELOADING, BY A SINGLE FUNCTION OF THE TRIGGER.

A TRIGGER IS ANY MECHANISM USED TO INITIATE THE FIRING SEQUENCE.

THE TERM MACHINEGUN ALSO INCLUDES THE FRAME OR RECEIVER OF ANY SUCH WEAPON, ANY PART DESIGNED AND INTENDED SOLELY AND EXCLUSIVELY, OR COMBINATION OF PARTS DESIGNED AND INTENDED, FOR USE IN CONVERTING A WEAPON INTO A MACHINEGUN, AND ANY COMBINATION OF PARTS FROM WHICH A MACHINEGUN CAN BE ASSEMBLED IF SUCH PARTS ARE IN THE POSSESSION OR UNDER THE CONTROL OF A PERSON.

<u>AUTHORITY</u>:   2 L. Sand, et al., <u>Modern Federal Jury Instructions - Criminal</u>, ¶ 35.11, Instruction 35-73 (2022), *available at* Lexis.

**SA052**

JURY INSTRUCTION NO. 40

**<u>THIRD ELEMENT—DEFENDANT ACTED KNOWINGLY</u>**

THE THIRD ELEMENT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE DEFENDANT ACTED KNOWINGLY.

TO SATISFY THIS ELEMENT, YOU MUST FIND THAT THE DEFENDANT KNOWINGLY POSSESSED OR TRANSFERRED THE MACHINEGUN. THIS MEANS THAT HE POSSESSED OR TRANSFERRED THE MACHINEGUN PURPOSELY AND VOLUNTARILY, AND NOT BY ACCIDENT OR MISTAKE. IN ADDITION, THE GOVERNMENT MUST PROVE THAT THE DEFENDANT KNEW THAT THE WEAPON WAS A MACHINEGUN, AS I HAVE DEFINED THAT TERM FOR YOU. HOWEVER, THE GOVERNMENT IS NOT REQUIRE TO PROVE THAT THE DEFENDANT KNEW HE WAS BREAKING THE LAW.

<u>AUTHORITY</u>:   2 L. Sand, et al., <u>Modern Federal Jury Instructions - Criminal</u>, ¶ 35.11, Instruction 35-74 (2022), *available at* Lexis.

JURY INSTRUCTION NO. 41

**CAUTION:   PUNISHMENT**

I CAUTION YOU, MEMBERS OF THE JURY, THAT YOU ARE HERE TO DETERMINE THE GUILT OR INNOCENCE OF THE ACCUSED FROM THE EVIDENCE IN THIS CASE.  A DEFENDANT IS NOT ON TRIAL FOR ANY ACT OR CONDUCT OR OFFENSE NOT ALLEGED IN THE SUPERSEDING INDICTMENT.  NEITHER ARE YOU CALLED UPON TO RETURN A VERDICT AS TO THE GUILT OR INNOCENCE OF ANY OTHER PERSON OR PERSONS NOT ON TRIAL AS A DEFENDANT IN THIS CASE.

ALSO, THE PUNISHMENT PROVIDED BY LAW FOR THE OFFENSES CHARGED IN THE SUPERSEDING INDICTMENT IS A MATTER EXCLUSIVELY WITHIN THE PROVINCE OF THE COURT OR JUDGE, AND SHOULD NEVER BE CONSIDERED BY THE JURY IN ANY WAY, IN ARRIVNG AT AN IMPARTIAL VERDICT AS TO THE GUILT OR INNOCENCE OF THOSE ACCUSED.

AUTHORITY:  Pattern Crim. Jury Instr. 11th Cir. BI, B10.4 (2016), *available at* Westlaw (modified).

SA054

JURY INSTRUCTION NO. 42

**VERDICT – ELECTION OF FOREPERSON – DUTY TO DELIBERATE – UNANIMITY – PUNISHMENT – FORM OF VERDICT – COMMUNICATION WITH THE COURT**

UPON RETIRING TO YOUR JURY ROOM TO BEGIN YOUR DELIBERATION, YOU MUST ELECT ONE OF YOUR MEMBERS TO ACT AS YOUR FOREPERSON.   THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT.

YOUR VERDICT MUST REPRESENT THE COLLECTIVE JUDGMENT OF THE JURY.   IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE TO IT.   YOUR VERDICT, IN OTHER WORDS, MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH ONE ANOTHER WITH A VIEW TOWARDS REACHING AN AGREEMENT IF YOU CAN DO SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGMENT. EACH OF YOU MUST DECIDE THE CASE FOR HIMSELF AND HERSELF, BUT DO SO ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS.   IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE YOUR OWN VIEWS AND TO CHANGE YOUR OPINION IF CONVINCED IT IS ERRONEOUS.   DO NOT SURRENDER YOUR HONEST CONVICTION, HOWEVER, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS OR FOR THE MERE PURPOSE OF THEREBY BEING ABLE TO RETURN A UNANIMOUS VERDICT.

REMEMBER AT ALL TIMES THAT YOU ARE NOT PARTISANS.   YOU ARE JUDGES – JUDGES OF THE FACTS OF THIS CASE.   YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE RECEIVED DURING THE TRIAL.

YOUR VERDICT MUST BE BASED SOLELY UPON THE EVIDENCE RECEIVED IN THE CASE.   NOTHING YOU HAVE SEEN OR READ OUTSIDE OF COURT MAY BE CONSIDERED.  NOTHING THAT I HAVE SAID OR DONE DURING THE COURSE OF THIS TRIAL IS INTENDED IN ANY WAY TO SOMEHOW SUGGEST TO YOU WHAT I THINK YOUR VERDICT SHOULD BE.   NOTHING SAID IN THESE INSTRUCTIONS AND NOTHING IN ANY FORM OF VERDICT, IS TO SUGGEST OR CONVEY TO YOU IN ANY WAY OR MANNER ANY INTIMATION AS TO WHAT VERDICT I THINK YOU SHOULD RETURN.   WHAT THE VERDICT SHALL BE IS THE EXCLUSIVE DUTY AND RESPONSIBILITY OF THE JURY.   AS I HAVE TOLD YOU MANY TIMES, YOU ARE THE SOLE JUDGES OF THE FACTS.

THE PUNISHMENT PROVIDED BY LAW FOR THE OFFENSES CHARGED IN THE INDICTMENT IS A MATTER EXCLUSIVELY WITHIN THE PROVINCE OF THE COURT AND SHOULD NEVER BE CONSIDERED BY THE JURY IN ANY WAY IN ARRIVING AT AN IMPARTIAL VERDICT AS TO THE OFFENSES CHARGED.

A FORM OF VERDICTS HAS BEEN PREPARED FOR YOUR CONVENIENCE.

YOU WILL TAKE THIS FORM TO THE JURY ROOM AND, WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT AS TO YOUR VERDICTS, YOU WILL HAVE YOUR FOREPERSON WRITE YOUR VERDICTS ON THE FORM, DATE AND SIGN THE FORM, AND THEN RETURN WITH YOUR VERDICTS TO THE COURTROOM.

IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH THE COURT, YOU MAY SEND A NOTE, SIGNED BY YOUR FOREPERSON OR BY ONE OR MORE MEMBERS OF THE JURY, THROUGH THE BAILIFF.  NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH THE COURT BY ANY MEANS OTHER THAN A SIGNED WRITING AND THE

COURT WILL NEVER COMMUNICATE WITH ANY MEMBER OF THE JURY CONCERNING THE EVIDENCE, YOUR OPINIONS, OR THE DELIBERATIONS OTHER THAN IN WRITING OR ORALLY HERE IN OPEN COURT.

BEAR IN MIND ALSO THAT YOU ARE NEVER TO REVEAL TO ANY PERSON – NOT EVEN TO THE COURT – HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTION OF WHETHER OR NOT THE GOVERNMENT HAS SUSTAINED ITS BURDEN OF PROOF UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 20.01 (6th ed. 2018), *available at* Westlaw (modified).

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA       )
      )
      v.       )        CRIMINAL NO. 2:22cr47
      )
PATRICK TATE ADAMIAK       )

## **JURY VERDICT FORM**

    1.  WE, THE JURY, FIND THE DEFENDANT, PATRICK TATE ADAMIAK:

**COUNT 1**:  With respect to Count One, Receive and Possess an Unregistered Firearm, we find the defendant, PATRICK TATE ADAMIAK**:**

Guilty _____        Not Guilty _____

**COUNT 2**:  With respect to Count Two, Unlawful Possession and Transfer of a Machinegun, we find the defendant, PATRICK TATE ADAMIAK:

Guilty _____        Not Guilty _____

**COUNT 3**:  With respect to Count Three, Receive and Possess an Unregistered Destructive Device we find the defendant, PATRICK TATE ADAMIAK:

Guilty _____        Not Guilty _____

**COUNT 4**:  With respect to Count Four, Receive and Possess an Unregistered Destructive Device, we find the defendant, PATRICK TATE ADAMIAK:

Guilty _____        Not Guilty _____

**SA058**

**COUNT 5**:  With respect to Count Five, Receive and Possess an Unregistered Destructive Device,   we find the defendant, PATRICK TATE ADAMIAK:

Guilty _____          Not Guilty _____

UNITED STATES v. PATRICK TATE ADAMIAK
Criminal No. 2:22cr47

Date:  _____          _____
                                                            Foreperson's Signature

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:22cr47 |
| v. | |
| PATRICK TATE ADAMIAK, | **DEFENDANT'S PROPOSED JURY INSTRUCTIONS** |
| Defendant. | |

Defendant, Patrick Tate Adamiak, by counsel, respectfully asks the Court to include in its charge to the jury the following proposed jury instructions and such other instructions as may become appropriate during the course of the trial. The numbers correspond with the government's proposed instructions.

| No. | Subject | Legal Authority |
|---|---|---|
| 31 | "Destructive Device" – Defined | 26 U.S.C. § 5845(f) |
| 39 | Second Element – Machinegun | L. Sand Ins. 35-73 |
| 40 | Third Element – Defendant Acted Knowingly | L Sand Ins. 35-74 |
| 43 | Element of all Five Counts—Weapon | 26 U.S.C. § 5845(b) and (f). |

The defendant, by counsel, has reviewed the government's proposed jury instructions, and agrees that the following proposed instructions are correct statements of the law, if supported by the evidence at trial: 1 through 13, 15 – 21, 23 – 24, 26 – 30, 32 – 38, and 41 –42.  The defendant reserves the right to object to any of the government's proposed jury instructions that are not supported by the evidence or the

**Prepared by David Michael Good, P.C.**

UNITED STATES OF AMERICA V. PATRICK TATE ADAMIAK; 2:22cr47; DEFENDANT'S PROPOSED JURY INSTRUCTIONS - 1

law before the jury retires to deliberate, in accordance with Fed. R. Crim. P. 30(d).

Respectfully submitted,

PATRICK TATE ADAMIAK
Of Counsel

/s/
David Michael Good
Virginia State Bar No. 44107
Attorney for Patrick Tate Adamiak
David Michael Good, P.C.
780 Lynnhaven Parkway, Suite 400
Virginia Beach, Virginia 23452
Telephone: (757) 306-1331
Facsimile: (888) 306-2608
E-mail: dgood@dgoodlaw.com

Lawrence H. Woodward
Virginia State Bar No. 21756
Attorney for Patrick Tate Adamiak
Ruloff, Swain, Haddad, Morecock, Talbert & Woodward, P.C.
317 30th Street
Virginia Beach, VA 23451
Telephone: (757) 671-6000
Facsimile Number: (757) 671-6004
E-mail: lwoodward@srgslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of October 2022, I will electronically file

the foregoing with the Clerk of Court using the CM/ECF system, which will then send

a notification of such filing (NEF) to all counsel of record, including the following:

William David Muhr
Assistant United States Attorney
Victoria Liu
Special Assistant United States Attorney
Attorneys for Government
United States Attorney's Office
101 W Main Street, Suite 8000
Norfolk, VA 23510-1671
Phone: (757) 441-6331
Email: Bill.Muhr@usdoj.gov
victoria.liu@usdoj.gov

**Prepared
by David
Michael
Good,
P.C.**

UNITED STATES OF AMERICA V. PATRICK TATE ADAMIAK; 2:22cr47; DEFENDANT'S
PROPOSED JURY INSTRUCTIONS - 2

/s/
David Michael Good
Virginia State Bar No. 44107
Attorney for Patrick Tate Adamiak
David Michael Good, P.C.
780 Lynnhaven Parkway, Suite 400
Virginia Beach, Virginia 23452
Telephone: (757) 306-1331
Facsimile: (888) 306-2608
E-mail: dgood@dgoodlaw.com

**Prepared by David Michael Good, P.C**.

UNITED STATES OF AMERICA V. PATRICK TATE ADAMIAK; 2:22cr47; DEFENDANT'S
PROPOSED JURY INSTRUCTIONS - 3

JURY INSTRUCTION NO. 31

**"DESTRUCTIVE DEVICE"- DEFINED**

SECTION 5845(f) OF TITLE 26 OF THE UNITED STATES CODE PROVIDES, IN PART, THAT THE TERM "DESTRUCTIVE DEVICE" MEANS … (2) ANY TYPE OF WEAPON BY WHATEVER NAME KNOWN WHICH WILL, OR WHICH MAY BE READILY CONVERTED TO, EXPEL A PROJECTILE BY THE ACTION OF AN EXPLOSIVE OR OTHER PROPELLANT, THE BARREL OR BARRELS OF WHICH HAVE A BORE OF MORE THAN ONE-HALF INCH IN DIAMETER, EXCEPT A SHOTGUN OR SHOTGUN SHELL WHICH THE SECRETARY FINDS IS GENERALLY RECOGNIZED AS PARTICULARLY SUITABLE FOR SPORTING PURPOSES.

THE TERM "DESTRUCTIVE DEVICE" SHALL NOT INCLUDE ANY DEVICE WHICH IS NEITHER DESIGNED NOR REDESIGNED FOR USE AS A WEAPON; ANY DEVICE, ALTHOUGH ORIGINALLY DESIGNED FOR USE AS A WEAPON, WHICH IS REDESIGNED FOR USE AS A SIGNALING, PYROTECHNIC, LINE THROWING, SAFETY, OR SIMILAR DEVICE . . . OR ANY OTHER DEVICE WHICH THE SECRETARY FINDS IS NOT LIKELY TO BE USED AS A WEAPON, OR IS AN ANTIQUE OR IS A RIFLE WHICH THE OWNER INTENDS TO USE SOLELY FOR SPORTING PURPOSES.

AUTHORITY: 26 U.S.C. § 5845(f).

SA063

JURY INSTRUCTION NO. 39

**SECOND ELEMENT—MACHINEGUN**

THE SECOND ELEMENT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE DEVICE THE DEFENDANT POSSESSED OR TRANSFERRED WAS A MACHINEGUN. A MACHINEGUN IS DEFINED IN THE STATUTE AS ANY WEAPON THAT SHOOTS, IS DESIGNED TO SHOOT, OR CAN BE READILY RESTORED TO SHOOT, AUTOMATICALLY MORE THAN ONE SHOT, WITHOUT MANUAL RELOADING, BY A SINGLE FUNCTION OF THE TRIGGER.

A TRIGGER IS ANY MECHANISM USED TO INITIATE THE FIRING SEQUENCE. THE TERM MACHINEGUN ALSO INCLUDES THE FRAME OR RECEIVER OF ANY SUCH WEAPON, ANY PART DESIGNED AND INTENDED SOLELY AND EXCLUSIVELY, OR COMBINATION OF PARTS DESIGNED AND INTENDED, FOR USE IN CONVERTING A WEAPON INTO A MACHINEGUN, AND ANY COMBINATION OF PARTS FROM WHICH A MACHINEGUN CAN BE ASSEMBLED IF SUCH PARTS ARE IN THE POSSESSION OR UNDER THE CONTROL OF A PERSON.

AUTHORITY: 2 L. Sand, et al., Modern Federal Jury Instructions - Criminal, ¶ 35.11, Instruction 35-73 (2022), *available at* Lexis.

JURY INSTRUCTION NO. 40

**THIRD ELEMENT—DEFENDANT ACTED KNOWINGLY**

THE THIRD ELEMENT THE GOVERNMENT MUST PROVE BEYOND A
REASONABLE DOUBT IS THAT THE DEFENDANT ACTED KNOWINGLY.
TO SATISFY THIS ELEMENT, YOU MUST FIND THAT THE DEFENDANT
KNOWINGLY POSSESSED OR TRANSFERRED THE MACHINEGUN. THIS MEANS
THAT HE POSSESSED OR TRANSFERRED THE MACHINEGUN PURPOSELY AND
VOLUNTARILY, AND NOT BY ACCIDENT OR MISTAKE. THIS MEANS THAT HE
POSSESSED OR TRANSFERRED THE MACHINEGUN PURPOSELY AND
VOLUNTARILY, AND NOT BY ACCIDENT OR MISTAKE.

IN ADDITION, THE GOVERNMENT MUST PROVE THAT THE DEFENDANT
KNEW THAT THE DEVICE HE POSSESSED OR TRANSFERRED HAD ALL OF THE
CHARACTERISTICS THAT MAKE IT SUBJECT TO REGULATION AS A FIREARM AS I
DEFINED THAT TERM FOR YOU. HOWEVER, THE GOVERNMENT IS NOT REQUIRE
TO PROVE THAT THE DEFENDANT KNEW HE WAS BREAKING THE LAW.

AUTHORITY: 2 L. Sand, et al., Modern Federal Jury Instructions - Criminal, ¶ 35.11,

Instruction 35-74 (2022), *available at* Lexis. *United States v. Staples*, 511 U.S. 600 (1994).

JURY INSTRUCTION NO. 43

**ELEMENT OF ALL FIVE COUNTS—WEAPON**

THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IN COUNTS

ONE THORUGH FIVE OF THE SUPERSEDING INDICMTNET THAT THE DEVICE

ALLEGED IN EACH COUNT IS A "WEAPON."

AUTHORITY:  26 U.S. Code § 5845(b) and (f).

**SA067**

Case 2:22-cr-00047-AWA-LRL   Document 52-4   Filed 10/11/22   Page 2 of 2 PageID# 246

SA068