

U.S. Department of Justice
**United States Attorney's Office**
Eastern District of Virginia

---

Jessica D. Aber
United States Attorney

2100 Jamieson Avenue
Alexandria, Virginia 22314

(703) 299-3700
(703) 299-3980 (fax)

September 4, 2024

Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

    Re:    *United States v. Patrick Adamiak*,
             No. 23-4451
             Letter under Fed. R. App. P. 28(j)

Dear Ms. Anowi:

    The en banc Court recently issued two decisions confirming that 26 U.S.C. § 5845 is constitutional as applied to Adamiak's possession of the unregistered PPSh-41 machinegun, M79 grenade launcher, M203 grenade launcher, and RPG-7 anti-tank missile launchers.

    First, in *United States v. Price*, 111 F.4th 392, 397 (4th Cir. 2024) (en banc), the Court held that 18 U.S.C. § 922(k) (prohibiting possession of a firearm with an obliterated serial number) is constitutional on its face because "a firearm with a removed, obliterated, or altered serial number is not a weapon in common use for lawful purposes." The relevant inquiry is "whether a weapon's common purpose is a lawful one—such as self-defense—or one that would be unlawful for ordinary citizens to engage in—such as . . . waging war, as with machineguns." *Id.* at 405. Indeed, "the lethality of a machinegun has led the Supreme Court to conclude that such weapons are best suited for war, not self-defense." *Id.* at 406.

    Second, in *Bianchi v. Brown*, 111 F.4th 438 (4th Cir. 2024) (en banc), the Court held that Maryland's prohibition on the sale and possession of assault weapons is constitutional on its face. The Court reaffirmed its conclusion in *Kolbe v. Hogan*, 849 F.3d 114 (4th Cir. 2017) (en banc), *abrogated in part by N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), that assault weapons are "outside the ambit of the individual right to keep and bear arms." *Bianchi*, 111 F.4th at 448. "The Second Amendment, with its 'central component' of 'individual self-defense,' is not concerned with ensuring citizens have access to military-grade or gangster-style weapons." *Id.* at 452 (quoting *Bruen*, 597 U.S. at 29). Accordingly, the Second Amendment "does not stretch to encompass excessively dangerous weapons ill-suited and disproportionate" to self-defense. *Id.* Alternatively, the Court held that Maryland's statute was consistent with the historical "tradition of legislatures perceiving threats posed by excessively dangerous weapons and regulating commensurately." *Id.* at 462.

Because the Second Amendment does not protect Adamiak's possession of the unregistered weapons, the Court should affirm.

Respectfully,

Jessica D. Aber
United States Attorney

By:  _____/ s /_____

Jacqueline R. Bechara
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
jacqueline.bechara@usdoj.gov