# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

**Patrick Tate Adamiak,**

**Defendant-Appellant,**

v.

No. 23-4451

**United States of America**

**Plaintiff-Appellee.**

_____

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA AT NORFOLK

## SUPPLEMENTAL BRIEF OF APPELLANT

Matthew Larosiere, Esq.
6964 Houlton Circle
Lake Worth, FL 33467
Email: larosieremm@gmail.com
Telephone: 561-452-7575
*Counsel for Appellant*

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ................................................................................. i

**TABLE OF AUTHORITIES** .......................................................................... ii

**ARGUMENT** .................................................................................................. 1

I.    THE GOVERNMENT DID NOT SUFFICIENTLY PLEAD OR PROVE THE ELMENTS OF THE CHARGED DEVICES TO SATISFY *CARGILL*. ............................................................................. 1

    A.    *Cargill* and "Automatically" as an Independent Element 3

    B.    The Government Failed to Plead or Prove a Machinegun Consistent With *Cargill* ............................................................. 4

    C.    *Cargill* Highlights The Government's Failure to Plead or Prove a Destructive Device as Well .......................................... 5

II.    *CARGILL, ERLINGER,* AND THE DISTRICT COURT'S SENTENCING ERRORS. ............................................................. 6

**CERTIFICATE OF COMPLIANCE WITH RULE 32(A)** ..................... 7

**CERTIFICATE OF SERVICE** ............................................................. 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Erlinger v. United States*, 144 S.Ct. 1840 (2024) ........................................ 6

*Garland v. Cargill*, 602 U.S. 406 (2024) .......................................... 1, 2, 4, 6

*Guedes v. Bureau of Alcohol, Tobacco, Firearms and Explosives*,
    920 F.3d 1 (CADC 2019) ........................................................................ 2

*Staples v. United States*, 511 U.S. 600 (1994) ............................................ 4

**Statutes**

26 U.S.C. § 5845 ..................................................................................... 4, 5

**Other Authorities**

OXFORD ENGLISH DICTIONARY (1933) ............................................... 3

WEBSTER'S NEW INTERNATIONAL DICTIONARY (2d ed.1934) ...... 3

**Regulations**

27 C.F.R. § 479.11. ....................................................................................... 3

# ARGUMENT

## I. THE GOVERNMENT DID NOT SUFFICIENTLY PLEAD OR PROVE THE ELMENTS OF THE CHARGED DEVICES TO SATISFY *CARGILL*.

*Garland v. Cargill* was a case of statutory interpretation like the instant one. 602 U.S. 406 (2024). *Cargill* examined the functional language of § 5845(b): that a machinegun must "automatically" fire "more than one shot" through "a single function of the trigger." *Cargill*, 602 U.S. at 424. Giving due weight to each word in the statute, *Cargill* held that it is not enough that a weapon fire more than one shot by a single function of the trigger, it must also do so "automatically." *Id.* at 424.

The *Cargill* decision controls here because the government, compounding its failure to properly charge Appellant consistent with the Fifth and Sixth Amendments, treated the functional elements of the machinegun and destructive device definitions as mere surplusage, instead simply asserting that the devices were, somehow, "firearms" under the Act. Additionally, in clarifying that the National Firearms Act does not include anything that would take "something more" than the words of the statute to qualify, *Cargill* cited with approval language from Judge Henderson, reinforcing that the NFA does not include firearms

1

"that shoot[] more than one round 'automatically' by a single pull of the trigger **AND THEN SOME**." *Cargill*, 602 U.S. 424 (citing *Guedes v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 920 F.3d 1, 44 (CADC 2019) (opinion concurring in part and dissenting in part)).

Much the same, with respect to all charged devices, the government behaves as if the machinegun and destructive device definitions include items that might, someday, maybe, become destructive devices or machineguns, either through welding, fabrication, the removal of a hole that would "remove the head" of the user if it were fired, and the provision of additional parts. In all respects, the leaps to determining the charged articles in this case are NFA "firearms" requires "something more" than the statute provides.

2

### A. *Cargill* and "Automatically" as an Independent Element

Based on dictionary definitions existing at the time of the NFA's passage, automatically, as an adverb, means "having a self-acting or self-regulating mechanism."[1] Beyond that, the government's own interpretation, beginning March 26, 2019 defines "'automatically' as it modifies 'shoots, is designed to shoot, or can be readily restored to shoot,' [as] functioning as the result of a self-acting or self-regulating mechanism[.]" 27 C.F.R. § 479.11.

---

[1] A leading dictionary from 1934 tells us that "automatically" is the adverbial form of "automatic." WEBSTER'S NEW INTERNATIONAL DICTIONARY 187 (2d ed.1934). The adjectival form of "automatic" is relevantly defined by that dictionary as "[h]aving a self-acting or self-regulating mechanism that performs a required act at a predetermined point in an operation[.]" Id. Another contemporaneous dictionary similarly describes "automatic" as "[s]elf-acting under conditions fixed for it, going of itself." OXFORD ENGLISH DICTIONARY 574 (1933).

3

## B. The Government Failed to Plead or Prove a Machinegun Consistent With *Cargill*

Giving full effect to the words of the statute, the word "automatically" must mean that a firearm that does or is designed to shoot more than one shot by something *other* than a self-acting or self-regulating mechanism, or one that might one day—with welding, fabrication, and substantial labor—possibly fire multiple shots, is not a "machinegun" as defined by § 5845(b).

The Supreme Court's ultimate decision in *Staples* makes it clear that actual knowledge of the characteristics of a firearm making it subject to the Act is required to sustain a conviction. *Staples v. United States*, 511 U.S. 600 (1994). That, with *Cargill*'s clarification that "automatically" and "more than one shot" are separate elements, means the government must plead and prove that the device charged as a machinegun does or is designed to fire more than one shot, automatically, by way of a single function of the trigger. Here, the government put forth no evidence that the charged item did or was designed to function as such. (JA556) (CI Pruess opining that PPSH part was not cut "like ATF allows or says it has to be," and opining that Appellant "sold automatic parts.") (JA587-588) (Government witness R.K. Davis referring to severable

4

machinegun definitions, ultimately opining only that "it's not required, being a machine gun, that it must be shoot automatically as received."). Rather, the government's case with respect to the PPSH41 rests only on the legal conclusions of its witnesses, with no attempt to plead or prove that the parts Appellant was charged with met any definition of "machinegun."

### C. *Cargill* Highlights The Government's Failure to Plead or Prove a Destructive Device as Well

Appellant has already thoroughly outlined the government's failure to plead or prove a destructive device in his initial brief. (Doc. 55 § II(e)). Appellant will not re-state the argument, but respectfully submits that the government's failure engage with the requisite elements of a destructive device underscores the error in failing to grant judgment of acquittal. Additionally, Appellant emphasizes that at no point did the government put on any evidence of Appellant's intended use of the items, which is critical where the statute commands the term "shall not include" "a rifle which the owner intends to use solely for sporting purpose" or as "a signaling, pyrotechnic, line throwing, safety, or similar device." 26 U.S.C. § 5845(f).

5

## II.  *CARGILL, ERLINGER,* AND THE DISTRICT COURT'S SENTENCING ERRORS.

Finally, especially given the Supreme Court's ruling in *Erlinger v. United States*, 144 S.Ct. 1840 (2024) (sentencing enhancements based on facts which were not found by a jury violate the Fifth and Sixth Amendments), *Cargill's* reminder that we give weight to each term in the statute reinforces the error Appellant argued in his initial brief. (Doc. 55 § V). As such, Appellant feels it necessary to underline that the district court applied a fifteen-level enhancement based on a specific device subject to §2K2.1(b)(3)(A) where the item's status as such was never pled nor found by a jury, and that the district court erroneously included 29 items which were not tried, proven, or found to be firearms in its offense level calculations, over objection. Accordingly, the district court incorrectly calculated the base offense level and erroneously applied a sentencing enhancement in violation of the Fifth and Sixth Amendments.

Respectfully submitted,

/s/ Matthew Larosiere
Matthew Larosiere, Esq.
6964 Houlton Circle
Lake Worth, FL 33467
Email: larosieremm@gmail.com
Telephone: 561-452-7575
*Counsel for Appellant*

## **CERTIFICATE OF COMPLIANCE WITH RULE 32(A)**

The undersigned certifies, pursuant to 4th Cir. Rule 28-1, that this brief complies with the type-volume limitation of the Federal Rule of Appellate Procedure (32)(a) because it contains 1,029 words, excluding the parts exempted by Rule 32(f). This brief complies with the typeface requirements and type style requirements for Rule 32(a) because it has been prepared in a proportionally-based typeface with Microsoft Word 2023 in 14 point, Century Schoolbook font.

/s/ Matthew Larosiere
Matthew Larosiere, Esq.
6964 Houlton Circle
Lake Worth, FL 33467
Email: larosieremm@gmail.com
Telephone: 561-452-7575
*Counsel for Appellant*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was sent by CM/ECF on October 3, 2024, and notice of this filing was electronically served on all parties there registered for service, including:

JACQUELINE BECHARA,
*Assistant United States Attorney*

I further certify that four paper copies of this brief are being furnished to this Court by mail.

/s/ Matthew Larosiere
Matthew Larosiere, Esq.
6964 Houlton Circle
Lake Worth, FL 33467
Email: larosieremm@gmail.com
Telephone: 561-452-7575
*Counsel for Appellant*

8