

The Law Offices of
Matthew Larosiere

6964 Houlton Cir
Lake Worth, FL 33467
Telephone: (561) 452-7575
Email: LarosiereMM@gmail.com

February 14, 2025

Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

    RE: *Adamiak v. United States*, No. 23-4451 Fed. R. App. P. 28(j)
    Supplemental Authority Letter

Dear Ms. Anowi:

    The following decision supports Appellants' argument that the government cannot shirk its burden to prove a historical analogue in cases involving the National Firearms Act. *See* App. Doc. 55 § VIII (Appellant's brief).

    *United States v. Justin Bryce Brown*, No. 3:23-CR-123-CWR-ASH, 2025 WL 429985 (S.D. Miss. Jan. 29, 2025) saw machinegun charges against a defendant dismissed on Second Amendment grounds where, as here, the Defendant filed a motion to dismiss on as-applied Second Amendment grounds and the government responded by averring that machineguns are "dangerous and unusual," without identifying a historical analogue save for the statute of Northampton.

    The *Brown* decision rightly dismissed the claims brought by Defendant both with respect to the government's failure to produce a historical analogue,

1

and the dispensing with the government's "dangerous and unusual" invocation.

The district court in *Brown* observed that decisions like the District Court's below relied exclusively on pre-*Bruen* caselaw, despite every appellate court's "prior precedent" being rendered "obsolete." *Id*. at 2-3. In faithfully applying *Bruen*'s command, and observing that the Court "cannot go looking for facts that have not been presented before it[,]" it found that "*Bruen* specifically requires judges to follow 'history and tradition,' evaluate whether new laws are 'relevantly similar' to past laws, and determine whether certain firearms are 'dangerous and unusual.'" *Id*. at 7. The argument found to be lacking in *Brown* is in all material respects identical to the argument brought by the government below in opposing Appellant's motion to dismiss. Appellant feels it important to note the items charged in *Brown* were functional machineguns, as opposed to the non-functional items charged here.

Very truly yours,

Matthew Larosiere, Esq.
*Counsel for Appellant*
*Patrick Tate Adamiak*

2

## Certificate of Service

I certify that a copy of the foregoing was sent by CM/ECF on February 14, 2025, and notice of this filing was electronically served on all parties there registered for service, including:

JACQUELINE BECHARA,
*Assistant United States Attorney*

/s/ Matthew Larosiere
Matthew Larosiere
*Counsel for Appellant Patrick Adamiak*

## Certificate of Compliance

1) This document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 287 words.

Respectfully submitted,

*/s/ Matthew Larosiere*

*Counsel for Appellant Patrick Tate Adamiak*