

U.S. Department of Justice

**United States Attorney's Office**

Eastern District of Virginia

Erik S. Siebert  
United States Attorney

2100 Jamieson Avenue  
Alexandria, Virginia 22314

(703) 299-3700  
(703) 299-3980 (fax)

February 19, 2025

Nwamaka Anowi, Clerk  
U.S. Court of Appeals for the Fourth Circuit  
1100 East Main Street, Suite 501  
Richmond, Virginia 23219

    **Re:**    *United States v. Patrick Adamiak*,  
            No. 23-4451  
            Response Letter under Fed. R. App. P. 28(j)

Dear Ms. Anowi:

    Adamiak maintains that an unpublished, out-of-Circuit decision supports his position that the prohibition on possessing unregistered machineguns violates the Second Amendment as applied to him. Doc. No. 108; *see United States v. Brown*, No. 3:23-CR-123-CWR-ASH, 2025 WL 429985 (S.D. Miss. Jan. 29, 2025). That claim fails because *Brown* depends on reasoning this Court has already rejected.

    *Brown* found that the government "failed to meet its burden of establishing that machineguns are both dangerous *and* unusual" because it relied exclusively on *Hollis v. Lynch*, 827 F.3d 436 (5th Cir. 2016). 2025 WL 429985, at *5. According to the district court, *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), abrogated *Hollis*. *See id.* The Fifth Circuit, however, has recognized that a constitutional challenge to 18 U.S.C. § 922(o) remains "foreclosed by" *Hollis*. *United States v. Ovalle*, No. 24-50023, 2024 WL 4678881, at *1 (5th Cir. Nov. 5, 2024).

    Regardless of the status of the Fifth Circuit's precedent, this Court has repeatedly confirmed that its pre-*Bruen* precedent remains valid and binding. In *Bianchi v. Brown*, the Court held that "*Bruen* did not abrogate" the Court's "principal holding" in *Kolbe v. Hogan*, 849 F.3d 114 (4th Cir. 2017) (en banc), that certain "assault weapons were outside the ambit of the individual right to keep and bear arms." 111 F.4th 438, 448 (4th Cir. 2024) (en banc). Likewise, in *United States v. Hunt*, the Court held that neither *Bruen* nor *United States v. Rahimi*, 602 U.S. 680 (2024), "abrogate[d] this Court's precedent foreclosing as-applied challenges to Section 922(g)(1)." 123 F.4th 697, 702 (4th Cir. 2024). Although *Bruen* "disavowed the second step of this Court's former two-part test for considering Second Amendment challenges," "*Bruen* 'did not disturb' the analysis this Court conducted under th[e] 'first step,' including holdings about whether a given situation is 'outside the ambit of the individual right to keep and bear arms.'" *Id.* at 704 (quoting *Bianchi*, 111 F.4th at 448).

Because Adamiak's possession of an unregistered machinegun fell outside the scope of the Second Amendment, the district court properly denied his motion to dismiss.

Respectfully,

Erik S. Siebert
United States Attorney

By:           / s /

Jacqueline R. Bechara
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
jacqueline.bechara@usdoj.gov