

U.S. Department of Justice

**United States Attorney's Office**

Eastern District of Virginia

---

Erik S. Siebert  
United States Attorney

2100 Jamieson Avenue  
Alexandria, Virginia  22314

(703) 299-3700  
(703) 299-3980 (fax)

March 28, 2025

Nwamaka Anowi, Clerk  
U.S. Court of Appeals for the Fourth Circuit  
1100 East Main Street, Suite 501  
Richmond, Virginia 23219

**Re:**    *United States v. Patrick Adamiak*,  
No. 23-4451  
Letter under Fed. R. App. P. 28(j)

Dear Ms. Anowi:

The Supreme Court issued its decision in *Bondi v. VanDerStok*, 604 U.S. ---, 2025 WL 906503 (U.S. Mar. 26, 2025), for which this appeal has been held in abeyance. *See* Doc. 103. *VanDerStok* confirms that the unregistered machinegun, grenade launchers, and anti-tank missile launchers Adamiak possessed are a machinegun and destructive devices under 26 U.S.C. § 5845(b), (f).

First, weapon "is an artifact noun," "'characterized by an intended function,' rather than by 'some ineffable natural essence.'" *VanDerStok*, 2025 WL 906503, at *6. A parts kit is a "weapon" under 18 U.S.C. § 921(a)(3)(A) because it "comes with all necessary components, and its intended function as [an] instrument of combat is obvious." *Id.* Further, "[i]f Congress had wanted to regulate only operable firearms, it could have simply addressed 'weapons' that can 'expel a projectile by the action of an explosive.'" *Id.* at *7. Instead, by providing "that a 'weapon' also qualifies for regulation if it is either 'designed' to accomplish that function or 'capable of being readily … converted' to do so," Congress "necessarily contemplate[d] that some things short of fully operable firearms will qualify as 'weapons.'" *Id.*

Second, at least some weapon parts kits can be "readily [] converted to expel a projectile by the action of an explosive." § 921(a)(3)(A). A kit is readily convertible, for example, if "a person without any specialized knowledge can convert [it] into a working firearm using everyday tools in less than an hour." *VanDerStok*, 2025 WL 906503, at *7.

Here, the evidence at trial established that the PPSh-41 is a "machinegun" because it is a "weapon" which "is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger," § 5845(b), and that the grenade launchers and anti-tank missile launchers were "destructive device[s]," because they were "weapon[s] . . . which will, or which may be readily converted to, expel a projectile by the action of an explosive," § 5845(f). Gov't Br. 38–40, 44–48.

Accordingly, the Court should lift the abeyance and affirm the judgment.

        Respectfully,

        Erik S. Siebert
        United States Attorney

By:       / s /
        Jacqueline R. Bechara
        Assistant United States Attorney
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        (703) 299-3700
        jacqueline.bechara@usdoj.gov