

U.S. Department of Justice
**United States Attorney's Office**
Eastern District of Virginia

| | | |
|---|---|---|
| Erik S. Siebert | 2100 Jamieson Avenue | (703) 299-3700 |
| United States Attorney | Alexandria, Virginia 22314 | (703) 299-3980 (fax) |

August 22, 2025

Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

**Re:**  *United States v. Patrick Adamiak*,
No. 23-4451 (calendared for argument on September 12, 2025)
Letter under Fed. R. App. P. 28(j)

Dear Ms. Anowi:

Patrick Adamiak argues that, if the weapons charged in Counts One through Five constituted a "machinegun" and "destructive device[s]" under 26 U.S.C. § 5845(b), (f), then those regulations violate the Second Amendment as applied to him. Def. Br. 61–65. The district court properly declined to dismiss the indictment on this ground because Adamiak's as-applied challenge depended on disputed facts. *See United States v. Gaudin*, 515 U.S. 506, 514 (1995) (underscoring that "the jury's constitutional responsibility" is "to apply the law to [the] facts and draw the ultimate conclusion of guilt or innocence").

Regardless, no court of appeals has invalidated § 5845(b) or (f) on Second Amendment grounds. Recently, the Sixth Circuit confirmed that the federal prohibition on possessing a machinegun, 18 U.S.C. § 922(o), defined by reference to § 5845(b), is constitutional on its face and as applied to the possession of a Glock "switch." *See United States v. Bridges*, --- F.4th ---, 2025 WL 2250109, at *9 (6th Cir. Aug. 7, 2025); *see also United States v. Brown*, --- F.4th ---, 2025 WL 2356015, at *2 & n.3 (6th Cir. Aug. 14, 2025).

Initially, the Sixth Circuit determined that *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), "did nothing to displace" its prior precedent holding that "the Second Amendment categorically does not protect the possession of unregistered machine guns for personal use." *Bridges*, 2025 WL 2250109, at *4 (internal quotation marks omitted). Alternatively, the court concluded, § 922(o) "'is consistent with the Nation's historical tradition of firearm regulation'" because "[m]achineguns are both dangerous and unusual—not weapons typically possessed by law-abiding citizens for lawful purposes." *Id.* at *9 (quoting *Bruen*, 597 U.S. at 24). In relevant part, the Sixth Circuit embraced this Court's reasoning that machineguns are "'weapons most suitable for criminal or military use,'" "'not the modern equivalents of weapons that were commonly possessed and employed for self-preservation.'" *Id.* at *8 (quoting *Bianchi v. Brown*, 111 F.4th 438, 451, 452 (4th Cir. 2024) (en banc)).

For these reasons and those stated in the response brief, the Court should affirm.

Respectfully,

Erik S. Siebert
United States Attorney

By:              / s /

Jacqueline R. Bechara
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
jacqueline.bechara@usdoj.gov