

U.S. Department of Justice
**United States Attorney's Office**
Eastern District of Virginia

---

Erik S. Siebert  
United States Attorney

2100 Jamieson Avenue  
Alexandria, Virginia 22314

(703) 299-3700  
(703) 299-3980 (fax)

September 2, 2025

Nwamaka Anowi, Clerk  
U.S. Court of Appeals for the Fourth Circuit  
1100 East Main Street, Suite 501  
Richmond, Virginia 23219

**Re:** *United States v. Patrick Adamiak*,  
No. 23-4451 (calendared for argument on September 12, 2025)  
Letter under Fed. R. App. P. 28(j)

Dear Ms. Anowi:

In support of his as-applied Second Amendment challenge, Patrick Adamiak cited *United States v. Morgan*, No. 23-10047-JWB, 2024 WL 3936767 (D. Kan. Aug. 26, 2024).  *See* Doc. 94.  Today, the Tenth Circuit reversed, holding 18 U.S.C. § 922(o) is constitutional as applied to the possession of an AM-15 machinegun and a Glock "switch."  *See United States v. Morgan*, --- F.4th ---, 2025 WL 2502968 (10th Cir. Sept. 2, 2025).

The Tenth Circuit concluded, at step one of *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), the Second Amendment did not protect Morgan's machineguns because he had "not shown law-abiding citizens commonly use the machineguns he possesses for self-defense."  *Morgan*, 2025 WL 2502968, at *9.  Statistics regarding machinegun possession provided "little or no evidence to show that private individuals commonly *use* his type of machineguns for self-defense."  *Id.* at *6 (emphasis added); *see id.* at *6 n.8 (recognizing "unregistered machineguns are not 'possessed by law-abiding citizens,' because their possession has been unlawful since Congress passed the National Firearms Act of 1934" (quoting *District of Columbia v. Heller*, 554 U.S. 570, 625 (2008))).  Morgan had "not shown that using a machinegun for self-defense makes sense as a common use, especially given that self-defense does not commonly require fir[ing] more than 1,000 rounds per minute."  *Id.* at *6 (internal quotation marks omitted).  Instead, "the machinegun 'is exactly the type of firearm that is most useful in military service and may be banned consistent with the Second Amendment.'"  *Id.* (quoting *Bianchi v. Brown*, 111 F.4th 438, 453 (4th Cir. 2024) (en banc)).  That state and federal law "strictly limit[]" machinegun possession further "undermin[ed]" the "argument that machineguns are in common use."  *Id.* at *7.

Finally, Supreme Court dicta recognizing "it would be 'startling' to suggest that 'restrictions on machineguns . . . might be unconstitutional,'" and the history of machineguns' popularity with criminals, which prompted Congress to respond by "sharply restricting civilian

ownership of machineguns," reinforced that machineguns are not commonly used for lawful purposes.  *Id.* at *8 (quoting *Heller*, 554 U.S. at 624).

        Respectfully,

        Erik S. Siebert
        United States Attorney

By:         / s /
        Jacqueline R. Bechara
        Assistant United States Attorney
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        (703) 299-3700
        jacqueline.bechara@usdoj.gov