

**The Law Offices of Matthew Larosiere**

6964 Houlton Cir
Lake Worth, FL 33467
Telephone: (561) 452-7575
Email: LarosiereMM@gmail.com

September 6, 2025

Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

    RE: *Adamiak v. United States*, No. 23-4451 Fed. R. App. P. 28(j) Letter Response

Dear Ms. Anowi:

    Appellant submits this response to the government's August 22 and September 2 Rule 28(j) letters. The cases cited therein—such as *United States v. Bridges*—all involved convictions for possession of actual, operable machineguns. They therefore do not resolve the issues presented in this appeal, which concern destroyed, inoperable relics.

    The government's letters only underscore Appellant's point: by continuing to equate inert relics with functional weapons, the government collapses materially distinct categories of objects and conduct. That conflation highlights the vagueness and overbreadth concerns identified in Appellant's briefing. The Second Amendment argument was raised <u>in the alternative</u> precisely because the government insists it may indict without specifying which statutory definition applies, and then extended that theory to inoperable scrap metal. Nothing in the cited cases addresses whether inert, destroyed artifacts fall within the scope of §5845, nor do they provide any historical analogue for such regulation if they do.

    Finally, the supplemental authorities leave untouched the separate grounds for reversal pressed in this appeal, including the defective indictment, the improper jury instructions, and the constitutional infirmities in treating inoperable objects as firearms. Appellant submits the government's continued reliance on inapposite authority underscores the absence of precedent supporting its position here.

Very truly yours,

*/s/ Matthew Larosiere*

Matthew Larosiere, Esq.
*Counsel for Appellant*
*Patrick Tate Adamiak*