

| | |
|---|---|
| **The Law Offices of Matthew Larosiere** | 6964 Houlton Cir<br>Lake Worth, FL 33467<br>Telephone: (561) 452-7575<br>Email: LarosiereMM@gmail.com |

September 6, 2025

Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

      RE: *Adamiak v. United States*, No. 23-4451 (calendared for argument on September 12, 2025) Fed. R. App. P. 28(j) Supplemental Authority Letter

Dear Ms. Anowi:

      In *United States v. Simmons*, 143 F.4th 200 (4th Cir. 2025), the Fourth Circuit vacated a sentence where enhancements were imposed without proof that the firearms counted were relevant to the offense of conviction. Simmons reinforces Appellant's argument that the district court erred in attributing unrelated items and applying enhancements without statutory or Guidelines support, and that the government's harmless-error theory cannot stand. The Court emphasized that only firearms "whose possession was both (1) unlawful and (2) relevant to the offense of conviction" may be included in the firearm-number enhancement. *Simmons* at 208–212. The Court further held that possession of ordinary firearms not connected to the NFA offense was not "relevant conduct" under U.S.S.G. § 1B1.3(a)(2); *Simmons* at 211.

      This decision directly supports Appellant's contention that the district court erred by enhancing his sentence based on thirty firearms—none of which were unlawful, and at least twenty-five of which do not even qualify as "firearms" under 18 U.S.C. § 921(a)(3). Moreover, in Appellant's case the government did not even attempt to show that the alleged "firearm receivers" satisfied the unambiguous statutory definition of a receiver. Instead, it merely asserted legal conclusions, without evidence or argument in the record establishing that

1

those inert or incomplete items fell within § 921(a)(3). Under *Simmons*, such unsupported conclusions cannot justify counting those items for guideline purposes.

This authority reinforces Appellant's arguments that the district court improperly tallied untried/non-qualifying items in the firearm count and misapplied enhancements, and that the Government's harmless-error position fails. See Appellant's Br. § V (objecting to inclusion of untried items and explaining the legal standard); Gov't Br. (asserting harmlessness); Appellant's Supp. Br. (preserving enhancement errors).

Very truly yours,

Matthew Larosiere, Esq.
*Counsel for Appellant*
*Patrick Tate Adamiak*