

U.S. Department of Justice

**United States Attorney's Office**

Eastern District of Virginia

Erik S. Siebert  
United States Attorney

2100 Jamieson Avenue  
Alexandria, Virginia 22314

(703) 299-3700  
(703) 299-3980 (fax)

September 8, 2025

Nwamaka Anowi, Clerk  
U.S. Court of Appeals for the Fourth Circuit  
1100 East Main Street, Suite 501  
Richmond, Virginia 23219

    **Re:**    *United States v. Patrick Adamiak*,  
              No. 23-4451 (calendared for argument on September 12, 2025)  
              Response Letter under Fed. R. App. P. 28(j)

Dear Ms. Anowi:

      The district court applied a 6-level enhancement under U.S.S.G. § 2K2.1(b)(1)(C) because the offense involved 25–99 firearms, finding 33 total firearms: the 4 destructive devices in Counts Three through Five, the 7 machinegun receivers Adamiak sold the confidential informant, and 22 machineguns and receivers recovered from Adamiak's house. JA2241–2242. Adamiak claims *United States v. Simmons*, 143 F.4th 200 (4th Cir. 2025), supports his challenge to the enhancement. Doc. 124. *Simmons* is inapposite for two reasons.

      First, the problem in *Simmons* was that "Simmons's possession of Non-NFA Firearms was not 'relevant' to his conviction for possessing an unregistered NFA Firearm." 143 F.4th at 210. Adamiak, however, has never claimed the 33 firearms were not relevant to his convictions. Instead, Adamiak argues these items were not "firearms." Based on trial testimony that the 7 receivers were receivers of weapons which could be readily restored to shoot automatically, JA508–520, and Bodell's report classifying 22 firearms recovered from Adamiak's house as machineguns, JA1847–1852, the district court did not clearly err in finding these items were machineguns. Thus, all the firearms were NFA firearms relevant to Adamiak's possession of an unregistered machinegun and unregistered destructive devices. *Cf. Simmons*, 143 F.4th at 210 ("only the NFA Firearms found in Simmons's possession should have been counted").

      Second, in *Simmons*, the errors were not harmless "[b]ecause the record did not provide [the Court] with knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way." 143 F.4th at 211 (internal quotation marks omitted). But here, "[t]he district court made it abundantly clear that it would have imposed the same total sentence even if it had erred" in calculating the Guidelines. *United States v. Florentine*, 147 F.4th 477, 483 (4th Cir. 2025). The court repeatedly stated that it would have imposed the same sentence regardless of the outcome of the objections. JA2235 n.1, JA2265–2266, JA2588. The court "would have still considered" Adamiak's "conduct as highly aggravating," which "would have warranted upward variances had the enhancements not been applied." JA2265–2266.

Respectfully,

Erik S. Siebert
United States Attorney

By:       / s /
Jacqueline R. Bechara
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
jacqueline.bechara@usdoj.gov

2