**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 23-4451**

───────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

PATRICK TATE ADAMIAK,

                Defendant - Appellant.

------------------------------

FIREARMS POLICY COALITION; FPC ACTION FOUNDATION,

                Amici Supporting Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Arenda L. Wright Allen, District Judge. (2:22-cr-00047-AWA-LRL-1)

───────────

Argued: September 12, 2025                Decided: October 14, 2025

───────────

Before AGEE, RICHARDSON and BERNER, Circuit Judges.

───────────

Affirmed in part and remanded with instructions by unpublished per curiam opinion.

───────────

**ARGUED:** Matthew Michael Larosiere, Lake Worth, Florida, for Appellant. Jacqueline Romy Bechara, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee. **ON BRIEF:** Jessica D. Aber, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee. Joseph G.S.

Greenlee, GREENLEE LAW, PLLC, McCall, Idaho, for Amici Curiae.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury found Defendant Patrick Tate Adamiak guilty of receiving and possessing an unregistered firearm, possessing and transferring a machinegun, and three counts of receiving and possessing an unregistered destructive device. The district court sentenced him to twenty years' imprisonment. On appeal, Adamiak contends that at least one of his convictions violated the Double Jeopardy Clause of the Fifth Amendment. He further objects to the adequacy of the indictment under which he was charged, the sufficiency of the evidence against him, the district court's jury instructions, and his sentence. Finally, Adamiak argues that his convictions violate the Second Amendment and that the statutes under which he was convicted are unconstitutionally vague. Only his Double Jeopardy argument succeeds. Having thoroughly reviewed the record and carefully considered the briefs, arguments, and materials provided by the parties, we discern no other reversible error.

## I. Analysis

We properly assert jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We "review the district court's factual findings . . . for clear error, but we review its legal conclusions de novo." *United States v. Perry*, 757 F.3d 166, 171 (4th Cir. 2014) (quoting *United States v. Woolfolk*, 399 F.3d 590, 594 (4th Cir. 2005)). As for challenges to sufficiency of the evidence, "reversal . . . will be confined to cases where the prosecution's failure is clear," and no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Green*, 599 F.3d 360,

367 (4th Cir. 2010) (first quoting *Burks v. United States*, 437 U.S. 1, 17 (1978), then quoting *United States v. Madrigal–Valadez*, 561 F.3d 370, 374 (4th Cir. 2009)).

## A. Double Jeopardy

We turn first to Adamiak's argument under the Fifth Amendment's Double Jeopardy Clause, which provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The clause "prohibits the government from subjecting a person to 'multiple punishments for the same offense.'" *United States v. Schnittker*, 807 F.3d 77, 81 (4th Cir. 2015) (quoting *Ohio v. Johnson*, 467 U.S. 493, 498 (1984)). "To determine whether two offenses charged under separate statutes are the same offense, courts apply the *Blockburger* test." *United States v. Whitley*, 105 F.4th 672, 677 (4th Cir. 2024). "If each offense 'requires proof of a fact that the other does not, the *Blockburger* test is satisfied,' meaning the two offenses are not the same, 'notwithstanding a substantial overlap in the proof offered to establish the crimes.'" *Id.* (citing *Brown v. Ohio*, 432 U.S. 161, 166 (1977)). This particular requirement of the Double Jeopardy Clause "ensure[s] that the sentencing discretion of courts is confined to the limits established by the legislature." *Johnson*, 467 U.S. at 499. It follows, then, that "cumulative sentences are not permitted" for convictions constituting the same offense "unless elsewhere specifically authorized by Congress." *Missouri v. Hunter*, 459 U.S. 359, 367 (1983) (emphasis omitted) (quoting *Whalen v. United States*, 445 U.S. 684, 693 (1980)).

Adamiak contends, and the Government concedes, that his convictions and consecutive sentences on Counts One and Two of the indictment, for possessing or receiving an unregistered firearm in violation of 18 U.S.C. § 5861(d) and possessing or transferring a machinegun in violation of 18 U.S.C. § 922(o), violate the Double Jeopardy Clause. We agree. As charged, the jury could convict Adamiak based on the same facts: knowing possession of a machinegun. *See United States v. Kuzma*, 967 F.3d 959, 977 (9th Cir. 2020). Thus, the Section 922(o) offense does not require proof of any fact that the Section 5861(d) offense does not. *See Whitley*, 105 F.4th at 677. Neither statute evinces a clear Congressional intent to authorize cumulative punishment. *See Missouri*, 459 U.S. at 366–67 (quoting *Whalen*, 445 U.S. at 691–92, 693); *Kuzma*, 967 F.3d at 977. They are thus "the same offense for double jeopardy purposes." *Whitley*, 105 F.4th at 678 (quoting *Currier v. Virginia*, 585 U.S. 493, 500 (2018)).

Because Adamiak's convictions and consecutive sentences on Counts One and Two violate his Fifth Amendment right, "the only remedy consistent with [ ] congressional intent is for the District Court, where the sentencing responsibility resides, to exercise its discretion to vacate one of the underlying convictions." *Ball v. United States*, 470 U.S. 856, 864 (1985). We therefore remand with instructions to vacate Adamiak's conviction under either Count One or Count Two, and to resentence Adamiak in a manner consistent with this opinion.

## B.  Adequacy of the Indictment

We next turn to the adequacy of the indictment. "[A]n indictment must contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense." *United States v. Barringer*, 25 F.4th 239, 246–47 (4th Cir. 2022) (quoting *United States v. Kingrea*, 573 F.3d 186, 191 (4th Cir. 2009)). "It is generally sufficient" for "an indictment [to] set forth the offense in the words of the statute itself." *Perry*, 757 F.3d at 171 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).  The indictment must also include "a statement of the facts and circumstances" necessary to inform the accused of the particular offense with which he is charged. *Id.* (quoting *Hamling*, 418 U.S. at 117–18).

Counts One, Three, Four, and Five allege violations of 26 U.S.C. § 5861(d), which criminalizes the unlawful possession of an unregistered firearm or destructive device. That statute makes it "unlawful for any person to" (1) "receive or possess" (2) "a firearm" (3) "which is not registered to him in the National Firearms Registration or Transfer record" with (4) knowledge that the features of the relevant firearm "brought it within the scope of the Act." 26 U.S.C. § 5861(d); *Staples v. United States*, 511 U.S. 600, 619 (1994). Count Two alleges unlawful possession and transfer of a machinegun in violation of 18 U.S.C. § 922(o). That statute makes it unlawful for any person to (1) transfer or possess (2) a machinegun with (3) knowledge that the relevant weapon possessed characteristics that qualified it as a machinegun. 18 U.S.C. § 922(o); *Staples*, 511 U.S. at 619.

The indictment against Adamiak states each element of the relevant offenses. It further specifies which items within Adamiak's possession comprised the basis of the relevant offense. It lists a PPSH machinegun as the basis for the first two firearms counts. As to the remaining three counts, it lists a M79, 40mm grenade launcher, a M203, 40mm grenade launcher and two RPG-7 variant recoilless antitank projectors. This detail adequately informed Adamiak of the nature of the charges against him. To the extent he desired further specificity, he could have sought a bill of particulars. *United States v. Powers*, 40 F.4th 129, 136 (4th Cir. 2022) ("A defendant who needs evidentiary details beyond those provided in the indictment to prepare his defense may seek a bill of particulars"). He did not.

Adamiak further argues the indictment is deficient because it does not specify which statutory definition of "machinegun" or "destructive device" applies to the relevant item. There is no basis for this argument in the relevant case law, nor is such detail required to accord with the requirements and purpose of an indictment. *See United States v. Resendiz-Ponce*, 549 U.S. 102, 109–10 (2007).

### C.  Remaining Issues on Appeal

Adamiak's remaining arguments fare no better. He argues that the question of whether the items discovered in his home qualify as "machineguns" or "destructive devices" is one of law that should not have been submitted to the jury. Not so. "[W]hile 'the judge must instruct the jury on the *law applicable* to the issues raised at trial . . . . [,] the next two steps are *strictly for the jury*: (1) determining the facts as to each element of

the crime, and (2) applying the law as instructed by the judge to those facts.'" *United States v. Lindberg*, 39 F.4th 151, 160 (4th Cir. 2022) (quoting *United States v. Johnson*, 71 F.3d 139, 142 (4th Cir. 1995), *abrogated on other grounds by United States v. Medley*, 972 F.3d 399, 412 (4th Cir. 2020) (en banc)); *see also United States v. Ramirez-Castillo*, 748 F.3d 205, 213 (4th Cir. 2014) ("[T]he jury's constitutional responsibility is not merely to determine the facts, but to apply the law to those facts and draw the ultimate conclusion of guilt or innocence." (quoting *United States v. Gaudin*, 515 U.S. 506, 514 (1995)).

A thorough review of the record shows sufficient evidence for the jury to convict Adamiak of the charged offenses. The Government put forth the testimony of federal law enforcement agents involved in the investigation, a cooperating informant, an individual that interacted with Adamiak in a professional capacity as a firearms retailer, and several expert witnesses. "[A]ny rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt." *Coleman v. Johnson*, 566 U.S. 650, 654 (2012) (emphasis omitted) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Further, the jury instructions accurately stated the law. Adamiak's Second Amendment challenge is squarely foreclosed by this court's holdings in *Bianchi v. Brown*, 111 F.4th 438, 453 (4th Cir. 2024) and *United States v. Hunt*, 123 F.4th 697, 704 (4th Cir. 2024), and the relevant statutes are not unconstitutionally vague. Finally, we conclude that the district court committed no error in sentencing.

## II. Conclusion

For these reasons, we remand to the district court with instructions to vacate Adamiak's conviction on either Count One or Count Two, and to resentence accordingly. We otherwise affirm the district court in all other respects.

*AFFIRMED IN PART AND REMANDED*
*WITH INSTRUCTIONS*